### JOSEPH SEINSHEIMER ET AL. v. S. J. FLANAGAN.

Delivered December 9, 1897.

**1. Garnishment—Defective Process—Voluntary Appearance.**

A garnishee who voluntarily appeared and, without objection to the proceedings, submitted the matter to the court, can not urge for the first time on appeal that the affidavit for garnishment and the return of the sheriff upon the writ were defective.

**2. Same—Pleading—Judgment—Appeal.**

Upon appeal from a judgment against a garnishee, it can not be complained that it was rendered upon the written answer of the latter, which affirmatively set forth that the money in his hands was due to a person other than the judgment debtor, when the recitals of the judgment authorized the presumption that the question was

submitted orally to the court and determined by it in accordance with the decision rendered.

### 3. Same—Replevin—Estoppel.

A judgment debtor who has replevied a debt sought to be reached by the execution plaintiff in garnishment, is thereafter estopped from asserting that the money was not owing to him.

### 4. Same—Replevy of· Debt—Judgment Against Garnishee—Appeal.

The sureties on a bond given by a judgment debtor to replevy a debt sought to be reached by the execution plaintiff in garnishment can not complain on appeal that personal judgment has been rendered against the garnishee for the amount replevied, or that the right of a third person thereto has not been adjudicated and no appeal has been taken by the garnishee.

### 5. Same—Same—Judgment Against Bondsmen—Pleading.·

The rendition of a judgment declaring a sum in· the hands of a garnishee subject to the writ, authorizes the'entry of an additional judgment against the principal and sureties upon a bond given by the judgment debtor to replevy' the debt, without further ·ther pleadings or notice.

### 6. Same—Same—Same—Amount.

The amount of a judgment entered against the principal and sureties on a bond given by the judgment debtor to replevy a debt sought to be garnished, after such debt has been adjudicated subject to the writ, should be for· the amount found to be in the garnishee's, hands, without deducting the. allowance made to him for attorney's fees and costs.

Error from Galveston.  Tried below. before Hon. Wm. H. Stewart.

*Davidson & Minor,* for plaintiffs in error.—It did not appear from the answer of the garnishee that he was indebted to the defendant, and it did appear from said answer that he was not indebted to the defendant, but to one Milton Powell, who was the owner of the debt owing by the said garnishee; and it does not appear from the judgment herein that the garnishee was indebted to Seinsheimer, and it does not appear from the judgment to whom Wallis was indebted, and said judgment as to the existence of said indebtedness was and is uncertain, indefinite, and of no effect. Rev. Stats., arts. 227, 239; Drake on Attach., 5 ed., sec. 659, and authorities cited in note 3; Handel v. Elliott, 60 Texas, 145.

*J. H. Wilson* and *R. W. Houk,* for defendant in error.

WILLIAMS, Associate Justice.—The defendant in error, S. J. Flanagan, recovered a judgment in the District Court of Galveston County against the firm of Freiberg, Klein & Co., composed of Moses Freiberg, Samuel Klein, and Joseph Seinsheimer, and against Seinsheimer and Klein, individually, for the sum of $250, besides interest and costs. Thereafter, on July 27, 1896, Flanagan sued out a writ of garnishment on said judgment for service on J. King Wallis.  On September 8, 1896, Seinsheimer filed a replevy bond, in accordance with article 225, Revised Statutes, which was signed as sureties by I. H. Kempner and Max Stiefel, who are coplaintiffs in error with Seinsheimer.

On October 3, 1896, the garnishee Wallis filed his answer to the writ, as follows:·  "Now comes the garnishee, J. K. Wallis, and in answer to

the writ of garnishment served upon him herein, says that, except as hereinafter stated, he is not now nor was indebted to the said Joseph Seinsheimer when said writ was served on him; that during the month of July last (1896) he, the said garnishee, was boarding at the Grand Hotel, kept by Milton Powell; that for the said month of July he had agreed to pay the said Powell $50, but on or about the 20th of July he was notified by Joseph Seinsheimer that he had advanced some money to Powell on several accounts, and that his, the garnishee's, account had been transferred to him, Seinsheimer, and that when that bill was due, on July 31st, the said garnishee was to pay it to the said Seinsheimer, and that at that time he, the garnishee, supposed that he owed the said Seinsheimer $50," and also asked that he be allowed a fee for answering the writ, and that Milton Powell be made a party in order that he might be exonerated from double liability.

On the 21st of November, 1896, judgment was rendered in the garnishment proceeding against the garnishee Wallis, that the plaintiff Flanagan recover from Wallis the sum of $50, out of which amount plaintiff was to pay the costs of the garnishment proceeding and an attorney's fee of $25 for the garnishee, and that plaintiff should have his execution for $50 against Wallis. It was further ordered that the plaintiff recover from Seinsheimer, Kempner, and Steifel the sum of $50, and that he have execution against them, but that the plaintiff should not in any event recover more than $50, and that if either Seinsheimer, Kempner, or Steifel should pay that amount, it would satisfy the judgment against Wallis. This judgment recited that the garnishee appeared in person and by answer duly filed, and that evidence was introduced; and that the said Wallis answered that he supposed he was indebted to Seinsheimer to the amount of $50. There was no appearance entered for Seinsheimer or his sureties, and no other written pleading was filed by Wallis besides the answer above referred to. Seinsheimer and his sureties on the replevy bond prosecute this writ of error.

The first, second, and third assignments of error seek to reverse the judgment because of defects in the affidavit for garnishment. Some of the objections might have been held well taken, if they had been properly urged in the trial court, but the garnishee voluntarily appeared, and, without objection to the proceedings, submitted the matter to the court. He could not now be heard to urge these exceptions for the first time in this court. By article 225, above referred to, the defendant, after he had made replevy bond as therein provided, was authorized to make any defense which the garnishee could make in such suit. Whether this would entitle him to object to such defects in the proceedings as those pointed out in these assignments of error, we need not now determine. If he was authorized to make them, he did not make them at the proper time and in the proper manner. He necessarily has no greater rights in this particular than the garnishee would have.

The same remarks reply to the objection urged in the fourth assignment, to the return of the sheriff upon the writ of garnishment. Neither

the garnishee nor the plaintiffs in error urged any such objection in the court below, but the garnishee voluntarily appeared and answered the writ.

The fifth assignment of error complains of the judgment on the ground that it was based solely upon the written answer of the garnishee, and that such answer did not make it appear affirmatively that the garnishee was indebted to Seinsheimer, but did make it appear that he was not indebted to Seinsheimer, but that he was indebted to Milton Powell. The recitals of the judgment authorize the presumption that the question as to Wallis' indebtedness was submitted to the court orally, and that the evidence which was heard justified the court in finding that the indebtedness was to Seinsheimer. Such a finding would be at least consistent with the answer of the garnishee. It has been held that issues upon the answer of a garnishee can be made orally, by consent, and the recitals in the judgment authorize the conclusion that this was done.

But another reason for holding this contention of the plaintiffs in error to be unsound is, that Seinsheimer replevied the claim against Wallis, and the money was paid over to him. We do not think he can be heard, in this state of the case, to say that the indebtedness was not to him. While the statute authorizes him to make any defense which the garnishee could have made, this does not, in our opinion, entitle him to take such inconsistent positions before the court. His replevy bond, in effect, asserts that he is entitled to the money due from the garnishee, and his present contention is in direct contradiction of that position. He is, in our opinion, estopped from asserting that the money was owing to Powell.

The sixth assignment attempts to raise a question which also, we think, the plaintiffs in error are not entitled to make. It is, that a personal judgment was rendered and execution awarded against Wallis, although the debt had been replevied and the money taken from his hands. This judgment does not affect plaintiffs in error further than to determine that the debt owed by Wallis was subject to the writ. If that judgment was proper, the fact that personal liability was fixed upon Wallis does not injure plaintiffs in error, and Wallis has not complained of it. The same may be said of the point made in the seventh assignment of error, namely, that the judgment fails to provide that the payment of the judgment by Wallis should operate as a satisfaction of the claim of Seinsheimer against him; and of the further point, in the eighth assignment, that Powell was not made a party, and the respective rights of himself and Seinsheimer to the debt adjudicated, so as to protect Wallis against Powell. Wallis has not complained of the judgment, nor did he make any effort, after he answered, to have Powell brought in, but voluntarily submitted the case to the judgment of the court without having done so. He can not now complain of the judgment, and it follows that plaintiffs in error can not.

The tenth assignment raises a more serious point. It is, that judgment on the replevy bond, against the principal and sureties therein, was

not authorized without further pleadings and notice to them. The statute providing for the replevy bond does not, in express terms, authorize summary judgment to be rendered upon it at the same time that judgment is rendered against the garnishee, and it is undoubtedly true that, before such a judgment can be entered, there must be statutory authority to warrant it. But in proceedings like this, if notice to the principal and sureties on the bond is unnecessary, further pleadings can not be required; for the pleadings in the garnishment proceeding make the only issue which must be determined before the liability of the parties to the bond becomes fixed. The bond is conditioned for the payment of any judgment that may be rendered against the garnishee, and is to be filed among the papers in the cause, in the court in which the suit is pending. When the issue made between the plaintiffs and the garnishee is determined upon the pleadings proper in such a case, the liability of the makers of the bond to pay the judgment rendered attaches at once, and there can be no necessity for other proceedings, unless for the purpose of giving notice. If the principal and the sureties are already parties to the proceeding by force of the bond, no further notice to bring them in is necessary; and that they are to be treated as such parties, we think, results from the provisions of the statute and from the decisions of our Supreme Court.

The statute regulating this proceeding recognizes the judgment debtor, who executes the bond, as a party to the garnishment proceedings, by providing that he may make any defense which the garnishee can make. The garnishment is simply auxiliary to the action in which the original judgment has been rendered, and to which the debtor is already a party. The purpose of the replevy bond is to entitle the judgment debtor to the enjoyment of the debts or effects attached in the garnishee's hands, until judgment is rendered determining their amenability to the process. We think the statute, construed in the light of these rules, clearly contemplates that the judgment in the garnishment proceedings shall enforce the obligation of the makers of the bond.

This is borne out by the construction which has been given by the Supreme Court to the statute regulating injunctions. That statute does not provide that judgment, except for 10 per cent damages for delay, may be rendered against the sureties on the injunction bond in the injunction suit, without notice to them, but in the case of Texas & New Orleans Railway Company v. White, 58 Texas, 133, Justice Stayton says: "By becoming parties to the injunction bond, the sureties make themselves practically parties to the suit, subject to the jurisdiction of the court, and their liability upon and by reason of their bond can be declared. But the limit of their liability to judgment, without pleading and proof of injury by the creditor, is the 10 per cent damages for delay, which, without further inquiry into the question of delay which appears in the facts of the case, the statute directs to be assessed; but with proper allegation and proof their liability, as well as that of the principal, may be adjudged, even though it made the full amount of their bond."

It was here held that notice to the sureties of a plea seeking to recover damages upon the bond need not be given to the sureties. It is also held that pleading is necessary, but that holding resulted from the fact that it is necessary, in an injunction suit, for the defendant to show that he has been damaged by the writ, and hence must plead his damages which do not necessarily result from the mere suing out of the injunction; and unless he does so, there is no liability on the part of the makers of the bond, beyond the 10 per cent allowed for delay. In replevy bonds in garnishment proceedings, the liability results absolutely from the judgment finding the garnishee indebted. That liability is involved in the proceeding itself, and hence need not be set up by independent pleading against the sureties.

We think that the right of the court to render judgment on the replevy bond logically results from the provisions of the statute and the decision above quoted. It seems to have been held in the case of Plowman v. Easton, 39 Southwestern Reporter, 171, that judgment can not be rendered upon the replevy bond in the garnishment proceeding without notice to the parties to the bond, but the attention of the court rendering that decision does not seem to have been directed to the opinion of the Supreme Court above referred to. It is held in that case, and intimated in the case of City of Dallas v. Electric Company, 83 Texas, 245, that the garnishee, after replevy bond is given, ceases to be the real party to the proceeding, and becomes a nominal party only, for the purpose of determining whether or not the credits or effects in his hands are subject to writ. This is probably the true effect of the statute, and it would seem to follow that the debtor, who has replevied the credits or effects, is the real party, and that he and his sureties are the ones to respond to the judgment. Such being the case, we can see no reason why it should be held that the court is deprived of the power to render an effective judgment which can be enforced by execution.

We think the judgment properly held Seinsheimer and his sureties liable to pay the full amount of $50 which was held subject to the writ. The allowance to Wallis of attorney's fees and costs constitutes a part of the costs of suit for which plaintiff is liable to him. Plaintiff, to reimburse himself, must look to the replevy bond, and the makers of that bond are therefore responsible to plaintiff for the full sum. The judgment against the garnishee, for which the principal and sureties on the bond are made liable by statute, is the judgment for the amount found to be in the garnishee's hands subject to the writ, and not simply for that amount less the allowance made to the garnishee personally.

The judgment of the court is correct, and is affirmed.

*Affirmed.*

Writ of error refused.