SELLERS v. PUCKETT et al. (No. 854.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915. Dissenting Opinion, Nov. 22, 1915. Rehearing Denied Dec. 11, 1915.)

1. GARNISHMENT ☞195 — REPLEVY BOND — EFFECT.

Where a judgment defendant, after garnishment, executes a replevy bond to release the lien of the garnishment, after acceptance of the bond by the proper officer the judgment plaintiff must thereafter look to the bond for payment of his indebtedness, and the judgment debtor becomes entitled to collect the garnished debt.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 385; Dec. Dig. ☞195.]

2. ESTOPPEL ☞68—ESTOPPEL IN PAIS—GARNISHMENT BOND.

A judgment defendant, member of a partnership, and his sureties on his bond to release a garnished debt from the lien of the garnishment will not be heard, after executing the bond and obtaining the release of the lien, to claim that the garnished indebtedness was not owing the judgment defendant, but to the firm of which he was a member, the estoppel resting on the fact that the judgment defendant receives the money due him, and also on the rule that one who with knowledge of the fact takes a particular position in judicial proceedings is estopped to assume an inconsistent position to the adverse party's prejudice.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ☞68.]

3. GARNISHMENT ☞180 — JUDGMENT UPON ADMISSION OF INDEBTEDNESS — ADMISSION BY PARTNER—STATUTE.

Under Rev. St. 1911, art. 293, providing that when it appears from the garnishee's answer that he is indebted to the defendant, the court shall render judgment for the plaintiff against the garnishee for the amount admitted, where a firm was indebted to a judgment defendant, and a member of the firm, answering in garnishment, admitted the debt of the firm, the judgment plaintiff was entitled to judgment against him, since a partner cannot complain when judgment is rendered against him alone on a firm debt; the obligation being joint and several.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 351–356; Dec. Dig. ☞180.]

4. PARTIES ☞84 — NONJOINDER — ACTION AGAINST PARTNER—WAIVER.

Where a member of a firm is sued alone on its obligation, by his failure to take advantage of the omission to join his partner or the firm by proper plea in abatement he waives his right or privilege to have such joinder.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142, 171; Dec. Dig. ☞84.]

On Motion for Rehearing.

5. COURTS ☞247—CERTIFICATION BY COURT OF CIVIL APPEALS TO SUPREME COURT.

Where a Court of Civil Appeals has final jurisdiction of a cause, it is not mandatory upon it to certify such cause to the Supreme Court because of the dissent of one of its members.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. ☞247.]

Hendricks, J., dissenting.

Appeal from Potter County Court; T. W. McBride, Judge.

Action by O. I. Sellers against J. W. Puckett and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Lloyd Fletcher, of Amarillo, for appellant. R. E. Underwood, P. R. Underwood, and Ben H. Stone, all of Amarillo, for appellees.

HUFF, C. J. This suit originated in the justice court, and from a judgment obtained in that court in favor of appellant, it was appealed to the county court of Potter county by the appellees, where judgment was rendered in favor of appellees, from which appellant appeals to this court.

O. I. Sellers obtained judgment against F. S. Franklin for the sum of $156.53 May 4, 1914, with 10 per cent. interest per annum. The judgment was rendered in the justice court, precinct No. 1. On this judgment Sellers sued out writs of garnishment December 9, 1914, against J. W. Puckett, Grover Hill, and the Amarillo Bank & Trust Company. Puckett answered that he did not owe Franklin anything, but that the partnership of Cook & Puckett, of which he was a member, was indebted to the partnership of Franklin & Hill, in the sum of $120.75. The Amarillo Bank & Trust Company admitted it was indebted to Franklin in the sum of $30.10. Grover Hill answered that he was not indebted to Franklin in any sum. On the 14th day of December, 1914, F. S. Franklin executed a replevin bond, with C. L. Kilgore and F. M. Hill as sureties thereon. The bond recites the issuance of the writs of garnishment on the judgment, in the case of Sellers against Franklin, and the service of the writs on the above-named garnishees, stating the indebtedness to be of the sum of $165.80, principal and interest due on the judgment, and that the garnishments were then pending, and that Franklin was desirous of replevying any effects, debts, shares, or claims seized or garnished under and by virtue of each and all of said writs.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Now, therefore, in order to release from the lien of garnishment created by the issuance and service of each of said writs, any and all debts, claims, shares or effects, if any, owing by or in the possession of J. W. Puckett, Grover Hill and the Amarillo Bank & Trust Company, and belonging to the said F. S. Franklin at the date of service of the said writ of garnishment, and which may be owing by them or shall come into their possession up to the time of filing of their answer as garnishees in said cause, or which become due before the filing of their answer, we, the undersigned, Felix S. Franklin, as principal, and ―――― and ―――― as sureties, acknowledge ourselves bound to pay to the said O. I. Sellers the sum of three hundred and thirty and no/100 ($330.00) dollars, conditioned to the payment of any judgment that may be rendered against the said J. W. Puckett, Grover Hill, or the Amarillo Bank & Trust Company, as garnishees." Signed by Felix S. Franklin, C. L. Kilgore, and F. M. Hill.

On the 18th day of January, 1915, in the justice court, Franklin filed what he designated as "defendant's traverse," in which he alleges that neither of the garnishees was indebted to him, that Cook and Puckett listed with Franklin & Hill certain cattle for sale, and that the partnership sold the same, and thereby earned commission in the sum of $120.75, which amount was due by Cook & Puckett to the partnership of Franklin & Hill; that the partnership, in effecting the sale of the cattle, incurred expenses to the amount of $30 to one Caldwell, for which Franklin gave his check to Caldwell; that at that time he had no funds in the Amarillo Bank & Trust Company upon which the check was drawn; that Grover Hill, his partner, out of his own fund, deposited in said bank the sum for which the check was drawn, and that the fund so deposited was not the private fund of Franklin, by reason of which the fund was a special deposit assigned to Caldwell by virtue of the check theretofore given, and the purpose of the deposit was known to the bank; that the bank was incorrect in its answer in admitting indebtedness to Franklin by reason of the facts above stated. Grover Hill also filed a plea of intervention, setting up substantially the same facts as alleged by Franklin as to the $30 deposit. The trial court finds substantially that Grover Hill was not indebted to, or had in hand any effects belonging to, Franklin; that Cook & Puckett were indebted to Franklin & Hill in the sum of $120.75; that the $30 in the bank was deposited, as alleged, by Franklin; and that the bank had notice thereof, and the check was issued to Caldwell as alleged, and was returned unpaid, but after the replevy bond was executed the same was delivered to Grover Hill; that Puckett refused to turn over the funds in his hands to Franklin after the replevy bond was executed, but still retained it. Puckett was a member of the partnership of Cook & Puckett.

[1] After the execution of the replevy bond the garnishee is only a nominal party, and only a nominal judgment could be rendered against the garnishee. The evident purpose of the replevy bond was to release the lien fixed by the garnishment, and the bond in this case so recites. The debts having been released from the lien so fixed upon them authorized the garnishees therein to pay the sum to the defendant in the judgment, and the principal in the bond, and thereafter the judgment plaintiff must look to the bond for the payment of the indebtedness. Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 805; Modern Dairy v. Blanke, etc., 116 S. W. 154. The fact that Puckett did not actually pay the money over to Franklin, we think, should make no material difference. When the bond was accepted by the proper officer, the principal on the bond was entitled to the money due on the debt. The lien by garnishment was released, and the collection of the debt by Franklin could be enforced. There was no legal excuse, therefore, on the part of Puckett for not paying it. 116 S. W. 154, supra.

[2] Franklin and his bondsmen will not be heard, after executing the bond and obtaining the release of the lien, to say the indebtedness garnished was not owing Franklin, the judgment debtor. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Davis v. McFall, 168 S. W. 453; Amarillo National Bank v. Sanborn, 169 S. W. 1075. Estoppel in cases of this character does not rest alone upon the fact that the party executing the bond received the money due him, but, also— "a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party." 169 S. W. 1075, supra.

[3, 4] We think when it was shown that Cook & Puckett were indebted and that J. W. Puckett was a member of that firm, that under article 293, R. C. S., appellant was entitled to a judgment. The answer of Puckett certainly makes it appear that Puckett was indebted to the defendant debtor in the amount stated. If Puckett was a partner, he was liable for the entire amount. When he disclosed the nature of the indebtedness, in so far as his answer and the pleadings in this case are concerned, it would permit a judgment against him for the debt due by the partnership and against him who was the partner served. The answer of Puckett disclosed his liability. A partner cannot complain because judgment is rendered against him alone on a firm debt, since the obligation is joint and several. Hoxie v. Farmer, etc., 20 Tex. Civ. App. 462, 49 S. W. 637; Davis v. Willis, 47 Tex. 154; Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 939. If in fact the partnership was not a party and the partner who is sued is bound for the entire indebtedness, if he desires, he may waive the right to have his partner or the partnership joined. As it is the interest of the one so sued to have his partner joined if he failed to take advantage of the omission in due time by a proper plea in abatement, then he should be

considered as having waived his privilege. Davis v. Willis, 47 Tex. 162; Seimsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, supra. If Franklin is not estopped in this case as to such plea, he should have presented the same at the trial, and at the proper time. It is a matter, however, in which he could have no interest, whether the judgment bound Cook or not; that was a matter in which Puckett alone was interested, and he did not seek to have his partner made a party, or an abatement on that account.

We think the trial court was in error in rendering judgment against appellant. The judgment will be reversed and here rendered in favor of the appellant on the replevy bond against Felix S. Franklin, as principal thereon, and his sureties, C. L. Kilgore and F. M. Hill, for the sum of $150.75, being the amount due and owing by the bank, $30, and $120.75 due and owing as shown by the answer of Franklin, by Puckett, and that the judgment also be rendered on the bond against the obligors thereon for the costs of this appeal and the costs in the county court and justice court, including the attorneys' fees found by the trial court and taxed against the appellant.

The case will be reversed and rendered.

HENDRICKS, J. (dissenting). When the majority opinion was filed I was inclined to a disagreement on account of the fact that the fund impounded was a partnership fund, and that estoppel should not apply. Since then, in studying the recitations in the replevy bond, I rather doubt that the assertion by Franklin and the sureties in said bond are of unqualified ownership of the fund garnished, and that it may be no more than a statement that he is desirous of replevying any debts garnished under the writ for the purpose of releasing from the lien of the writ any debts, "if any," owing by the garnishees and belonging to Franklin at the date of the garnishment. If so, the judicial inconsistency of one claiming a fund and then asserting ownership in another might not apply. However, as I construe the opinion of the court, it is really based upon the ground of estoppel. I am inclined to think the same should not apply to this record for the following reasons: The statute in terms permits the defendant debtor, after he has replevied the garnishment fund, to present any defense the garnishee could have presented; and Justice Moore suggested, in McRee v. Brown, 45 Tex. 508:

"If it was a partnership debt, it is held in many courts that he could not be forced to pay it on a separate writ of garnishment; and if he has done so, without a proper effort to protect himself, he is not entitled to relief."

I assume as the law that ordinarily a partnership claim cannot be impounded to pay a partner's individual indebtedness. Raley v. Smith, 73 S. W. 54; Gilmore on Partnership,

§ 141, p. 420, and numerous cases cited; Bates on Partnership, vol. 2, § 1103. It is not proper to withdraw the funds of a partnership and appropriate same to pay the private debts of an individual partner. It would give the individual creditor of an individual partner, by an action at law, a greater right than the partner debtor himself would have in withdrawing the funds to pay the individual debt, unless probably it is one of salary, agreed upon as compensation in the partnership agreement. It is true that there is no creditor's lien upon the partnership funds except as worked out by subrogation to the individual partner's lien upon the assets to pay the partnership debts; but I take it that, in a general sense, individual partners owe a duty to creditors and in a particular sense to the other partners composing the firm; in fact each partner owes to the other the strictest fidelity, as to partnership assets, based upon the doctrine of agency. A partner cannot bind a firm by giving a note to pay a separate debt; and Bates says (volume 1, § 410), it is a fraud on the firm to use a partnership asset to pay his separate creditor, and when a creditor who impounds a partnership debt by holding it would obtain a greater right from his debtor than the debtor partner could himself give by contract, I take it that ordinarily it would be the duty of the partner to show the credit garnished belonged to the partnership. I do not really understand that this statute, giving the right of defendants to replevy, would prevent a partner from replevying because the debt garnished was a partnership asset; it is broadly given to all defendants, and after the replevy is made the garnishee is released from the litigation, except nominally. The defendant debtor is then in the garnishee's shoes, and it is his right—I take it in this case it is his duty—to present the defense which Justice Moore suggests is the duty of the garnishee to present. If the fund is a partnership fund, attempted to be appropriated to pay an individual debt, it seems to me it is certainly some one's duty, and I know of no other person more appropriate than the real defendant after the garnishee is released. Though not shown in this record that the expressions used in this bond were mere inconsiderate recitations, still to say that a partner, by using such recitations, though construed as claim of individual ownership, would prevent him from performing his real duty to the partnership, and exhibiting the real truth of the character of the asset to me is rather a harsh doctrine, and when, as in this case, it is indubitably shown without protest that the credit is a partnership fund, I do not think that estoppel should apply when the partner is performing his duty to others in setting up the real facts. If it could be said that it should be shown that the individual debtor, as the partner, did not

have a balance owing to him at that particular time, I think the true rule is that:

"The garnishment will not be sustained unless the plaintiff shows that after payment of the partnership debt there will be a balance." Bates on Part. vol. II, p. 1087.

Mutual balances between partners are a fluctuating quantity and a judgment on any one item against an individual partner in a going concern, it seems, would not settle much unless you put the partnership out of business, with an accounting in the garnishment suit by ascertaining what that balance would be.

It happens in this case that the other partner is also a garnishee, and only answered, as indicated in the majority opinion, as to the $30 credit in the bank deposited to Franklin. The opinion is not placed upon the ground that he is bound by the estoppel, being a party garnishee, but the assertion may be suggested by the condition. Usually, one a garnishee has nothing to do with, and is not a party to, the contentions that may arise as to other garnishees and other impounded credits. I do not see how it could be said that the other garnishee in this case is bound by the recitals of the bond in so far as any litigation to be initiated by him as an actor is concerned. When the replevy bond is executed and filed the garnishee is released from the litigation. As I view it, if the garnishee had the right to set up this defense, and the real defendant, after the filing of the replevy bond, had the same right, and if in this character of case it was his duty to protect the partnership funds, and though the whole fund may not have belonged to him (though in law each partner has the right of possession), the recitations in the replevy bond should not wholly control the right and duty, as applied to the conditions of this record. It is not appropriate to argue behind the decided cases, but I do not think any case has gone this far.

The $30 advanced by Hill to his partner, Franklin, to pay a partnership debt was probably an advancement to the partnership business, and I think this whole case upon the judgment of the trial court should have been affirmed.

## On Motion for Rehearing.

HUFF, C. J. In the case of Davis v. McFall, 168 S. W. 453, cited by us in the original opinion, the replevy bond therein expressly stated the funds did not belong to McFall, but belonged to another and the court there held estoppel applied. Under the statute the owner or the defendant in the original suit, may replevy the fund. He does so because he is entitled to the same. He can thereby obtain the possession and use

thereof. It is insisted here that the defendant who replevies can make any defense the garnishee could make. If the garnishee had answered that he was indebted to the defendant Franklin, it would not be contended, we apprehend, he could, contrary to his answer, show he was not so indebted. Franklin, in this case, stepped into the shoes of the garnishees, and by his replevy bond states the garnishees are indebted to him, and in the face of such bond he seeks to show that the garnishees are not so indebted. This inconsistent position courts condemn and will not permit, but hold that the party so replevying is estopped from asserting that he is not the owner by giving his bond in order to obtain a release of the levy.

Appellees further, in their motion for new trial, suggest that this court was guilty of an inconsistency in the opinion. In our statement of the case we stated Puckett answered that his firm was indebted to Franklin and Hill, and in the latter part of the opinion we say that he, Puckett, shows by his answer that he was indebted to Franklin. Puckett tells on what debt he is obligated. Franklin, by his replevy bond, says this debt is his. It may have been, when originally contracted, Franklin and Hill's debt; but Franklin got the right to collect it as his individual debt by virtue of his replevy bond. Therefore the answer of Puckett simply makes his firm liable to Franklin, and he would, as a member of that firm, be responsible to Franklin for the amount, and collection from him personally can be enforced.

[5] The judgment disposing of the costs, caused to be entered by this court herein, is regarded by us as just and fair. We do not feel disposed to certify this question. In the three cases cited by us in writs of error were denied in each of the three cases, and if there is any question settled in this state we regard the one presented in this case as being finally settled by the Supreme Court. Having final jurisdiction in this case, we do not regard it as mandatory upon us to certify because of the dissent of one of the members of this court. Railway Co. v. Dalton, 177 S. W. 556, and authorities cited.

The motion for new trial and to certify overruled.

HENDRICKS, J. (dissenting). I overlooked the McFall Case, i. e., the terms of the bond in that case, though previously familiar with same, when rendering my dissent. The gravamen of this case, however, is one of partnership, as argued in my dissent, and I am inclined to think that a distinction can, in justice, be made, and believe this cause should have been certified.