WISE et al. v. JOHNSON. (No. 5825.)

(Court of Civil Appeals of Texas. Austin. Nov. 14, 1917.)

1. BANKS AND BANKING, &153—"GENERAL DEPOSIT."

Where the contractor to build a schoolhouse deposited the completion payment therefor in one bank, giving a lumberman a check on the deposit, directing that the balance of the account be sent by the bank to another, and deposited therein to his credit, which was done, the contractor drawing checks on the second bank, the deposit in such second bank was not a special but a general deposit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Deposit.]

2. ASSIGNMENTS &49—EQUITABLE ASSIGNMENT BY DRAWING CHECKS.

Where a contractor to erect a schoolhouse deposited the completion payment in bank, gave a lumberman furnishing material a check for part of the amount, and directed that the balance be sent by the bank and deposited to the contractor's credit in another bank, which was done, after which the contractor drew various checks on such other bank for small amounts, telling each of the payees at the time of delivery to them that he had no money in the bank, but that he soon would collect money for building the schoolhouse and would deposit it in the bank,

after which the payees could present their checks and get their money, there was no equitable assignment of the fund in the second bank to the payees.

3. JURY ⚖️87—DISQUALIFICATION OF JUROR BY INTEREST — SURETY ON GARNISHMENT BOND.

A juror who was one of the sureties on the garnishment bond executed by plaintiff had no such interest in the subject-matter of the litigation as to preclude him from serving on the jury; the suit involving plaintiff, defendant, garnishee, and several interveners.

4. NEW TRIAL ⚖️53—FAILURE TO CHALLENGE — PRESENTATION OF QUESTION OF INELIGIBILITY ON MOTION FOR NEW TRIAL.

Having failed to challenge a juror for his interest in the subject-matter of the litigation, interveners could not first present the question of his ineligibility on motion for new trial.

5. COURTS ⚖️117 — RECORDS — CONSTRUCTIVE NOTICE—FILING GARNISHMENT BOND.

Where the garnishment bond executed by a juror as one of the sureties was on file, interveners, contending that they did not know the fact that the juror was a surety until after the trial, must be held to have had constructive notice of the fact.

6. GARNISHMENT ⚖️102—RETURN ON WRIT—CONCLUSIVENESS.

The return on the writ of garnishment showing that it was served upon an officer of the garnishee bank by a sheriff of the county is conclusive on interveners of the question who served the writ, in the absence of pleading raising the question that the writ was not in fact served by the sheriff, but by one interested in the judgment and not an officer of the county, the absence of motion made to abate or quash the writ on such account, and the absence of issue raised by charge or otherwise on the trial as to the correctness of the writ.

Appeal from San Saba County Court; J. T. Hartley, Judge.

Action by J. D. Johnson against R. E. Berry. There was judgment for plaintiff, who caused writ of garnishment to be issued against the First State Bank of Richland Springs, A. H. Wise and others intervening. From a judgment for plaintiff for the amount of his debt, directing that the balance of the money remaining in the bank after paying the debt should be placed to the credit of defendant, and that the interveners take nothing, they appeal. Judgment affirmed.

Walker & Burleson, of San Saba, for appellants. Walters & Baker, of San Saba, for appellee.

RICE, J. Appellee, Johnson, recovered a judgment in the justice court, precinct No. 1, San Saba county, against R. E. Berry, and thereafter caused a writ of garnishment to be issued out of said cause against the First State Bank of Richland Springs. It appears from the answer of the bank that at the time the writ was served on it it was indebted to said Berry in the sum of $225.82, and prayed the court to determine to whom it should be paid. W. L. Rodgers, T. C. Taylor, J. J. Bodine, and T. H. Stewart intervened in the justice court by reason of an alleged assign-

ment to them of that portion thereof represented by certain checks that Berry had given them prior to the issuance and service of the writ on the bank. After trial in the justice court the case was appealed to the county court, where A. J. Wise and Oscar Wise, doing business under the firm name of A. J. Wise & Son, intervened, claiming that Berry had also assigned them a portion of said fund as represented by the amount of a check that he had given them prior to the issuance and service of writ of garnishment on the bank. On trial in the county court judgment was rendered in favor of Johnson for the amount of his debt, interest, costs, and attorney's fees, and directing that the balance of the money remaining in the bank after paying Johnson's debt should be placed to the credit of Berry. Judgment was rendered that the interveners take nothing, from which judgment they have prosecuted this appeal.

It appears from the evidence, briefly outlined, that Berry some time prior to the issuance of the writ of garnishment had erected a certain schoolhouse for the Shiloh common school district, in San Saba county, for which said district became indebted to him on its completion in the sum of about $1,300 or $1,400, which sum he thereafter deposited in the San Saba National Bank, and against which he gave to a' lumberman furnishing material therefor a check for the sum of $1,050, directing that the balance be sent by said bank and deposited to his credit in the First State Bank of Richland Springs, which was done, after which, and before the issuance of the writ of garnishment, he gave to the respective interveners checks thereon as follows: To W. L. Rodgers, on March 30th, check for $31.50; to T. C. Taylor, on April 3d a check for $59.40; to J. J. Bodine, on the 3d of April, a check for $41; to T. H. Stewart a check for $12.15, dated April 4, 1916; and a check to A. J. Wise & Son, on the 20th of March, for the sum of $89.25—telling each of said parties at the time of delivery to them of their respective checks that he had no money in the First State Bank of Richland Springs but that he expected soon to collect this money for building the schoolhouse, when he would deposit it in the First State Bank of Richland Springs, after which they could present their checks and get their money. Before this was done, however, appellee Johnson caused to be issued and served on the bank a writ of garnishment. The bank, through its cashier, had been notified by Berry that he had given certain checks against it, without stating their amount, or to whom the checks had been given. Two other checks had been given to other parties for small amounts against the bank. Berry testified substantially that, had he received

any money from any other source during the time these checks were outstanding, he would have deposited it to his credit in the bank, out of which he would have expected these checks to have been paid.

[1, 2] We think this was not a special, but a general, deposit, and unless the circumstances show an equitable assignment of the fund in question appellants are not entitled to recover. They insist, however, that the facts disclose an equitable assignment of this fund by Berry in their favor. We differ with appellants in this contention, and hold that they do not constitute such an assignment of this fund, for which reason the court did not err in overruling their second assignment. First State Bank of Aransas Pass v. Fuson, 185 S. W. 1042; First Nat. Bank of Rising Star v. Texas Moline Plow Co., 168 S. W. 420; Peters v. H. H. Hardin & Co., 168 S. W. 1035; Provine v. First Nat. Bank of Honey Grove, 180 S. W. 1107.

[3-5] Nor do we think there is any merit in their insistence that the juror, Kuykendall, one of the sureties on the garnishment bond executed by Johnson, had any such interest in the subject-matter as to preclude him from serving upon the jury in this case. But granting that he had, having failed to challenge said juror, they could not first present the question of his ineligibility on motion for new trial. See Rice v. Dewberry, 93 S. W. 715; I. & G. N. Ry. Co. v. Woodward, 26 Tex. Civ. App. 389, 63 S. W. 1051; Tweedy v. Briggs, 31 Tex. 74. It is contended, however, by appellants that this fact was not known to them until after the trial. The bond was on file of which fact they must be held to have constructive notice. We, therefore, overrule the first assignment complaining of this matter.

[6] The return on the writ of garnishment, which was offered in evidence, shows that it was served upon an officer of the bank by Hugh Miller, sheriff of the county. It is urged by appellants, for the first time in their motion for new trial, that the writ was not in fact served by the sheriff, but by one Gardner, who was interested in the judgment, and not an officer of the county, and evidence was offered sustaining such allegation on the presentation of their motion for new trial. There is no pleading, however, raising this question, or motion made to abate or quash the writ on this account, and no issue was raised by charge or otherwise on the trial as to the correctness of such return. We hold, in the absence of such showing, that the return of the sheriff must be held conclusive of this question, and overrule appellants' third assignment presenting the question. In Seinsheimer et al. v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, it was held that:

"Where a garnishee voluntarily appears, and without objection submits the matter to the court, he cannot, on appeal, urge defects in the affidavit for garnishment, or in the sheriff's return of the writ."

And this doctrine, we think must be held applicable to interveners herein, since they failed to raise the question on the trial by motion to quash or otherwise and waited to present it in their motion for new trial, notwithstanding the fact it appears they had knowledge thereof prior thereto.

Finding no error in the record, the judgment of the court below is in all things affirmed.