## NATIONAL SURETY CO. v. McFAR-LAND et al.   (No. 1321.)

(Court of Civil Appeals of Texas.   El Paso. April 27, 1922.   Rehearing Denied June 1, 1922.)

Appeal and error ⬤⟲240—Defects in garnishment affidavit not available to surety on defendants' replevy bond in absence of motion by defendants or garnishee to quash.

Defects in an affidavit for garnishment are not available to the surety on defendants' replevy bond, on appeal from a final judgment for plaintiff, where neither defendants in the main suit nor the garnishee moved to quash the proceedings because of such defects, or appealed from the judgment, which therefore concluded defendants and appellant.

Error from District Court, Eastland County; E. A. Hill, Judge.

Action by W. J. McFarland against J. W. Clyde and another, in which the Texas Company was made garnishee and defendants in the main action filed a replevy bond with the National Surety Company as surety. From a judgment in the garnishment proceedings against defendants and the surety, the latter brings error.   Affirmed.

Chas. L. Black, of Austin, for plaintiff in error.

H. S. Garrett, of Fort Worth, B. S. Dudley, of Ranger, and Prewitt & Dunaway, of Forth Worth, for defendants in error.

WALTHALL, J.   This suit was instituted in the district court of Eastland county by W. J. McFarland against J. W. Clyde and T. S. Tilley alleging, in substance, that Clyde and Tilley were indebted to various concerns, naming them, on certain accounts for goods, wares, and merchandise, the several accounts, itemized, and by exhibits made parts of the petition, and amounting in the aggregate to $1,120.06, with interest and costs. At the time of filing suit plaintiff filed his affidavit for a writ of garnishment to be issued to the Texas Company, a corporation, gave the garnishment bond, and obtained the writ of garnishment directed to the Texas Company. The garnishee appeared, urged no objection to any of the garnishment proceedings, and filed answer denying indebtedness to Clyde, but admitting indebtedness to Tilley in the sum of $1,439.10 at the time the writ of garnishment was served, and had become indebted to Tilley, since the

service of the writ, in the further sum of $872.30. Clyde and Tilley filed a replevy bond in garnishment with appellant, the National Surety Company, as surety.

Clyde and Tilley filed an answer consisting of a general demurrer and general denial. The case was tried before the court without a jury. The court rendered judgment in favor of the plaintiff and against Clyde and Tilley in the main case, for the total amount of $1,189, with interest at 6 per cent. from the date of the judgment.

In the garnishment proceeding the court rendered judgment in favor of plaintiff against Clyde and Tilley, as principals, and the National Surety Company, as surety, on the replevy bond, for the total amount of the judgment in the main suit, with interest and costs incurred in the main suit and in the garnishment proceeding, and an attorney fee of $50 to the garnishee. McFarland, the Texas Company, and Clyde waived issuance and service of citation in error, and accepted notice of the filing of the petition for writ of error. The National Surety Company alone prosecutes this appeal, and duly filed its assignments of error.

The several assignments and the propositions thereunder claim error in rendering judgment against the National Surety Company as surety on the replevy bond filed in the garnishment proceeding, because of certain defects in the garnishment proceedings, securing the issuance of the writ of garnishment.

First.   The affidavit for the garnishment states that "he (McFarland) has reason to believe and does believe that the garnishee, the Texas Company, a corporation, is indebted to the defendants or either of them, or that it has in its hands effects belonging to said defendants or either of them," thus stating the facts disjunctively and uncertainly; and for that reason is fatally defective and insufficient to support the garnishment proceedings.

Second.   The affidavit in garnishment reads:

"This writ of garnishment applied for is not sued out to injure either of the defendants or the garnishment, thus rendering the affidavit indefinite and uncertain in failing to show that there was no intent to injure either one of the two defendants."

Third.   Because of insufficiency of the affidavit in stating the residence of the garnishee.

Fourth.   The petition is subject to a general demurrer, and insufficient to support the judgment awarded the plaintiff, in that the accounts, made parts of the petition, show that the sales in question were made to Clyde, and not to Tilley.

It is evident from the record that the af-

fidavit made the basis for the issuance of the garnishment writ is subject to several of the objections pointed out in the assignments and the propositions thereunder. Clark v. Elmendorf (Tex. Civ. App.) 78 S. W. 538; Dunnenbaum v. Schram, 59 Tex. 281; Thorndale Mercantile Co. v. Evens & Lee (Tex. Civ. App.) 140 S. W. 1054; Kildare Lumber Co. v. Bank, 91 Tex. 95, 41 S. W. 64; Perrill v. Kaufman, 72 Tex. 214, 12 S. W. 125; and other cases making similar holdings. The record does not show that either of the defendants in the main suit, or the garnishee, moved to quash the garnishment proceedings on account of any defects in the affidavit. The difficulty arises on the question: Are the defects in the affidavit for the garnishment in the condition of the record available to one who has not filed a motion to quash in the trial court? We think not. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, in which a writ of error was denied by the Supreme Court, and in which Seinsheimer and his sureties on the replevy bond in garnishment sought to reverse the judgment because of defects in the affidavit for garnishment, the court, speaking through Judge Williams, said:

"Some of the objections might have been held well taken, if they had been properly urged in the trial court, but the garnishee voluntarily appeared, and, without objection to the proceedings, and submitted the matter to the court. He could not now be heard to urge these exceptions for the first time in this court."

To the same effect is the holding in the following cases: Burge v. Beaumont Carriage Co., 47 Tex. Civ. App. 223, 105 S. W. 232; Barnett & Record Co. v. Fall, 62 Tex. Civ. App. 391, 131 S. W. 644, in which a writ of error was denied. In Wise et al. v. Johnson (Tex. Civ. App.) 198 S. W. 977, it is held that the doctrine announced in Seinsheimer et al. v. Flanagan, supra, extends to interveners. We need not discuss to great extent the cases referred to by appellant, as they do not seem to be altogether in point, because in each of them a motion to quash the writ was filed and passed upon favorably or unfavorably to the motion. In Mitchell et al. v. Bloom, 91 Tex. 634, 45 S. W. 558, relied upon by plaintiff in error, a sequestration was levied, and the goods replevied. In discussing the question, "In a sequestration suit, wherein the property has been seized and replevied, when the writ of sequestration is properly quashed on account of defects in the affidavit and bond, or either of them, and when the plaintiff recovers the property of the defendants, may judgment also be rendered in plaintiff's favor against the sureties upon the replevy bond?" it was held that the sureties were released from liability on the replevy bond, because in the suit in which the writ was sued out it was vacated by a judgment of the court. In Kildare Lumber Co. et al. v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64, relied on by plaintiff in error, a motion to quash the attachment writ was filed, but overruled, and the trial resulted in a judgment for the plaintiff against both defendants and against the sureties on the replevy bond. The court in a lengthy discussion of the facts of that case reached the conclusion that an attachment did not lie, and, in discussing one of the grounds of the motion to quash the defect in the affidavit for the writ, said:

"A writ of attachment issued without authority of law is not 'valid and binding' as against a defendant who moves to vacate it. Nor is a replevy bond any more binding than the attachment itself."

None of the parties filed a motion to quash the garnishment, or otherwise made objection to the rendition of the judgment in the court below. While the parties in the main suit might have availed themselves of some of the matters presented here by plaintiff in error, we think the judgment would conclude them, as it appears to be final and unappealed. We think appellant will not be permitted to defeat the cause of action on grounds which the defendants themselves did not assume to make, or chose to waive. Douglass, Brown & Co. v. Neil & Co., 37 Tex. 528; Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732.

Finding no reversible error, the case is affirmed.