## NEW AMSTERDAM CASUALTY CO. v. KEITH et al. (No. 1588.)*

(Court of Civil Appeals of Texas. El Paso. March 6, 1924. Rehearing Denied April 3, 1924.)

1. Garnishment ⬚⇒7—Cannot be based on judgment not final.

Garnishment proceedings, being a process in the nature of an execution to enforce a judgment, cannot be based on a judgment which is not final.

2. Appeal and error ⬚⇒240—Objection that garnishment not based on final judgment held not open in absence of motion to quash.

A surety on a replevin bond, given by principal dependent in garnishment proceedings, may not, after failing to make a motion to have the writ quashed, and after final judgment in both the main suit against the garnishee and the sureties on the replevin bond, by writ of error raise the question that the garnishment was based upon a judgment not final.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Farmers' State Bank & Trust Company against J. E. Miller and others, in which E. A. Keith was made party defendant and the New Amsterdam Casualty Company garnishee. From judgment rendered, the New Amsterdam Casualty Company, as surety on the replevin bond, brings error. Affirmed.

Albert B. Hall, of Dallas, for plaintiff in error.

Burkett, Orr & McCarty, of Eastland, for defendants in error.

HARPER, C. J. Statement of the case taken from transcript and the records of this court: November 18, 1920, Farmers' State Bank & Trust Company of Gorman, Tex., filed suit, No. 7335, against J. E. Miller as principal, and C. W. Beale and Jessie Allen as sureties, on a promissory note for $5,084.60, and to foreclose a chattel mortgage executed by said Miller to secure its payment.

November 23, 1920, Miller filed an answer, first, admitted the allegations in plaintiff's petition, and, second, set up the facts that he had sold and executed a bill of sale to the property described in the mortgage to the bank, and as a part consideration Keith had agreed to pay the note sued on. He prayed for citation against Keith and for judgment canceling their contract and for damages.

Keith, November 27, 1920, filed his answer to said cross-action of Miller, set up his version of it, alleged a breach, and asked for damages. It does not appear that any citation was issued to Miller on this cross-action, but the judgment recites that he was present and announced ready for trial.

May 12, 1921, the case came on for trial. The court entered its order, or judgment, as follows:

"This cause came on to be heard, * * * and the defendant J. E. Miller appeared by counsel, and defendant E. A. Keith appeared in person and by counsel, and both defendants having waived jury, and the court having granted plaintiff in the cause a continuance to perfect service, * * * and having found that Keith was entitled to a hearing on his cross-action against defendant Miller, and the court, having heard the evidence and argument of counsel, and being fully advised in the premises, finds that defendant Keith is entitled to a judgment against the defendant Miller in the sum of $5,000, and for cancellation of a note."

Then found that Keith was in no way responsible to the bank on account of the Miller note.

June 6, 1921, Miller appealed from this judgment by cost bond to the Court of Civil Appeals. This appeal was dismissed because judgment not final May 4, 1922, 241 S. W. 540. On October 12, 1921, the court rendered its judgment in favor of the bank against Miller as principal and Allen and Beale as sureties on the note and foreclosure of its lien, etc.; Keith not mentioned. November 11, 1921, Keith filed "motion to amend judgment" under the number of the original suit. On December 1, 1921, the trial court entered the following:

"No. 7335.

"Farmers' State Bank & Trust Co. v. J. E. Miller et al.
"In the Ninety-First District Court of Eastland County, Texas.

"On this the 1st day of December, 1921, a regular day of the October, 1921, term of this court, came on to be heard this cause upon the motion of the defendant E. A. Keith, to have the judgment rendered herein on the 12th day of May, 1921, in favor of E. A. Keith against J. E. Miller made a part of the judgment rendered in this cause on the 12th day of October, 1921, in order to make this judgment a full and final 'judgment disposing of all parties and all issues in this cause. And it appearing to the court that the judgment in said original cause, rendered in this court on October 12, 1921, would not be full and final judgment disposing of all issues and all parties to this suit, unless said judgment rendered on the 12th day of May, 1921, be made a part of said judgment rendered in this court on said October 12, 1921, and this judgment should contain both of the above said judgments in order to make the same a full and final judgment.

"It is therefore ordered, adjudged, and decreed that the judgment rendered in this cause on the 12th day of May, 1921, and the judgment rendered in this cause on the 12th day of October, 1921, be and the same are hereby made the final judgment of this court, the same being in the following form and language, to wit."

Then follows a copy of the judgment in favor of Keith against Miller above noted, and then incorporates the judgment in favor of the bank against Miller, Keith, and Beale, above noted.

On May 14, 1921, Keith filed his affidavit for writ of garnishment, setting up that he had obtained a judgment against Miller, docket No. 8001 (being the judgment declared by this court not to be final, above noted). Writ was issued same day and served on the Finsland Oil Company. On June 6, 1921, the latter answered that it owed Miller $20,000, with explanations. Whereupon Miller executed his replevy bond with New Amsterdam Casualty Company surety.

On the 17th day of June, 1922, the court entered its judgment in the garnishment proceedings for Keith against the New Amsterdam Casualty Company for the amount of the judgment, reciting the fact that said oil company was surety on the replevin bond, and that Miller had withdrawn the money from the Finsland Oil Company. This action of the court is brought here for review upon writ of error.

Appellant urges 20 points or propositions upon which it asks this court to reverse and render. These propositions do not have any appended references to the assignments, so we take up the assignments themselves, grouping them where they raise the same question of law upon the face of the record,

and in their order as they seem to apply to the rules of law and practice. Blakeney et al. v. Johnson County (Tex. Civ. App.) 253 S. W. 333.

The first, second, fourth, fifth, sixth, and seventh are to the effect that the judgment in favor of Keith against Miller was void because not final; not final because it did not dispose of all the issues and parties in the main case; therefore would not support an execution and the writ of garnishment. The court declared the judgment upon which the writ is based not to be final, and dismissed the appeal for that reason. Miller v. Farmers' State Bank & Tr. Co. (Tex. Civ. App.) 241 S. W. 540.

[1, 2] Garnishment proceedings being a process in the nature of an execution to enforce the judgment, the judgment not being final, would not support an execution; therefore it would seem that the proposition is well taken, but can the surety on the replevin bond take advantage of it where there was no motion upon its part nor the part of the defendant to quash the writ? And, after final judgment in both the main suit and against the garnishee and the sureties on the replevin bond, the surety seeks to take advantage of it upon writ of error. We think not. See National Surety Co. v. McFarland et al. (Tex. Civ. App.) 241 S. W. 765, and cases there cited.

In view of the above holding, the other propositions relied on for reversal are overruled as without merit.

Affirmed.