### HILLIS et al. v. WOLFE et al. (No. 76.)

(Court of Civil Appeals of Texas. Eastland. Dec. 18, 1925.)

**1. Garnishment ⬅═88—Statement in application for garnishment that defendant has not, within knowledge of plaintiffs or of person making affidavit, property in his possession subject to execution held sufficient.**

Statement in application for garnishment that defendant has not, within knowledge of plaintiffs or of person making affidavit in support of application, property in his possession subject to execution is sufficient compliance with statute, where person making affidavit was one of plaintiffs, who were suing as partners.

**2. Garnishment ⬅═96.**

Any defect in return of officer serving writ of garnishment because of failure to name cashier to whom writ was delivered *held* not basis for motion to quash garnishment, in view of garnishee's answer.

**3. Garnishment ⬅═199.**

One signing debtor's replevy bond as surety, stating that debt garnished was owing debtor, *held* precluded from asserting otherwise in intervention.

**4. Garnishment ⬅═209.**

Where garnishee admitted possession of funds due debtor, garnishor was entitled to judgment, and intervention by another claimant of fund should not have been allowed.

Appeal from Dawson County Court; Dixie Kilgore, Judge.

Suit by J. H. Hillis and another against J. W. Wolfe, wherein the First National Bank of Lamesa was garnisheed, and J. E. McNew intervened. Judgment for plaintiffs for their debt against defendant, and for intervener on sustaining motion to quash the garnishment, and plaintiffs appeal. Reversed and remanded.

C. P. Rogers and Carl Rountree, both of Lamesa, for appellants.

Bean & Klett, of Lubbock, for appellees.

PANNILL, C. J. Appellants sued J. W. Wolfe, appellee, and obtained a writ of garnishment against the First National Bank of Lamesa, Tex. The garnishee answered that it was indebted to Wolfe in the sum of $190.-78. This answer was traversed, appellant alleging an indebtedness of the garnishee to Wolfe of $400 additional. Appellee executed a replevy bond with J. E. McNew as one of the sureties. McNew intervened, alleging that Wolfe was indebted to intervener, who was his landlord, in the sum of $205, and that the money for which the garnishee was indebted to Wolfe was for cotton sold on which intervener had a landlord's lien, and that Wolfe held same as trustee. Intervener and appellee moved to quash the garnishment, and appellant moved to strike out the intervention. The motion to quash was sustained, and the motion to abate the intervention overruled. Judgment was appellants' for their debt, and for intervener for $205. There is no brief for appellees.

[1, 2] It will be necessary to notice only two grounds of the motion to quash the garnishment. One is that the application does not state that defendant has not within his knowledge property in his possession within this state subject to execution, etc., and was not verified as required by law. The application states:

"Defendant has not, within the knowledge of plaintiffs or of the person making affidavit in support of the application, property in his possession within this state subject to execution," etc.

This application is signed and duly sworn to by one of the plaintiffs, plaintiffs suing as partners. This seems to be a compliance with the statute. The application, if verified by a person other than one of the plaintiffs, might be subject to criticism on account of the use of the disjunctive, but here both persons referred to were the plaintiffs. The verification was sufficient. Simon v. Greer (Tex. Civ. App.) 34 S. W. 343. The other point is that the return of the officer serving the writ is defective for failure to give the name of the cashier to whom the writ was delivered. At the time the motion to quash was heard there was before the court the answer of the garnishee that the writ had been served on the garnishee, and the answer was signed and sworn to by J. E. Barron, cashier. In this state of the record, it is not perceived how any question as to the officer's return could arise. The only office of an officer's return is to make a record of the service, and, where the garnishee under oath admits statutory service, the sufficiency of the officer's return becomes immaterial. The court erred in quashing the garnishment.

[3] Intervener having signed as surety the replevy bond stating that the debt garnished was owing to Wolfe and thereby securing for Wolfe payment to him by the garnishee was thereafter precluded from asserting otherwise as to the indebtedness replevied. Seinshermer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30.

[4] The intervention to recover the $190 which the garnishee admitted it owed Wolfe should not have been allowed. Nelson v.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Winters State Bank (Tex. Civ. App.) 138 S. W. 1082.

The issue tendered by appellant in his plea controverting the answer of the garnishee was not tried, and this will work a reversal. Upon the trial of the controverting plea, if it should develop that there is an issue as to the $400 item pleaded in appellants' controverting plea, and that this item was not replevied, then, under proper allegations, an intervention might become allowable.

For the error stated, the judgment is reversed and the cause remanded.