**J. D. LONG and W. Lee Ormes, Appellants,**

**v.**

**COSDEN PETROLEUM CORPORATION and
Marshall National Bank, Appellees.**

**No. 7741.**

Court of Civil Appeals of Texas.

Texarkana.

June 21, 1966.

**2**

William Lane, Jr., Marshall, for appellants.

E. N. Smith, Jr., Marshall, Barbara L. Welz, Dallas, for appellees.

CHADICK, Chief Justice.

This is a garnishment proceeding. The judgment of the County Court is affirmed.

The parties are appellees, Marshall National Bank and Cosden Petroleum Corporation, the garnishee and garnishor respectively; and appellants, J. D. Long and W. Lee Ormes, the sureties on the Garnishment Replevy Bond filed in this action by John A. Bass, the judgment debtor.

The mode of appeal, writ of error, restricts review to errors of law appearing on the face of the record. Milam County v. Robertson, 47 Tex. 222, Appeal and Error—Civil 3 Tex.Jur. 287 § 17. The writ of garnishment is the source of the error singled out. The writ commanded the garnishee bank to "appear and answer at the next term of the County Court * * * in said County on the 8th day of February, 1965." Rule 659 prescribes that the writ shall command the garnishee "to appear before the court out of which the same is issued at or before 10:00 o'clock a. m. of the Monday next following the expiration of twenty days from the date the writ was served, if the writ was issued out of the * * * county court; * * *." Appellants ground this appeal on the proposition that the writ served was void and the County Court did not acquire jurisdiction over the garnishee bank, and in the absence of jurisdiction the judgment herein is a nullity.

The judgment recites and the statement of fact and appellants' brief confirm that after the questioned writ of garnishment issued the garnishee bank filed an answer and the debtor Bass made and filed a Garnishment Replevy Bond in which the appellants joined as sureties. The bond instrument is not found in the record, though it is referred to and described in the judgment. Immediately after tendering the Garnishment Replevy Bond debtor Bass filed a sworn pleading labeled "Controverting Affidavit to Garnishee's Original Answer". The first numbered paragraph is as follows, to-wit:

"The garnishee answers that it now holds in its hands the sum of $314.94, which it owes to John A. Bass, or which was in the checking account of John A. Bass, when in truth and in fact, it does not now hold said sum."

The second and third numbered paragraphs set out the defective nature of the Writ of Garnishment. The affidavit or pleading contains no recital limiting debtor Bass' purpose to a special appearance to question jurisdiction. The content of the pleading raises other than jurisdictional issues as set out in the quoted paragraph. In form and substance the pleading is a traverse of the garnishee bank's answer authorized by Rule 673, Vernon's Ann.Tex.Civ.Rules.

The judgment entered recites that a trial of the issues raised by the pleadings,

including those of the traverse, was had in the garnishment proceeding. Those recitals, and the record otherwise, show that debtor Bass and his counsel appeared at the garnishment trial and participated in it. The garnishee bank by answering and appearing at the trial waived, as to itself, irregularities in the garnishment writ. The debtor Bass by filing his traverse raised issues in addition to jurisdiction, and it must be held, made an appearance in the proceeding for all purposes. Rules 120 and 121. The statutes and rules specifically authorizing and governing garnishment contemplate a trial in harmony with general procedure, except in such instances as the garnishment statutes or rules may provide differently.

■■ Pleading, appearing and participating in the trial in the particulars recounted made debtor Bass a party to this suit and the judgment entered was conclusive of his rights, as well as those of the other parties unless set aside in an appropriate proceeding. The judgment rendered was in favor of Cosden Petroleum Corporation, and impliedly ran against the garnishee bank to the extent of funds it held belonging to Bass, with express stipulation that no writ of execution issue against the bank, and against Bass and the sureties on his Replevy Bond, Long and Ormes, for the amount of Bass' money the Bank acknowledged it held, and for costs, etc. Neither the Bank nor debtor Bass appealed from the judgment and as to them it was final at the time writ of error was sued out in this appeal.

■■ Appellants Long and Ormes as sureties executed a Replevy Bond in which, according to the judgment in the record, they agreed to pay Cosden Petroleum Corporation any judgment that might be rendered against the garnishee, Marshall National Bank. As sureties, Long and Ormes' rights are derivative; their rights are derived from and emanate out of the garnishee Bank and the debtor Bass. "Garnishment", 27 Tex.Jur.2d 50 § 98. The final judgment in the garnishment proceeding, conclusive against the Bank and Bass, is also by estoppel conclusive against appellants Long and Ormes. See Seinsheimer v. Flanagan, 1897, 17 Tex.Civ.App. 427, 44 S.W. 30, Wr. of Error denied. The contractual provision of the Replevy Bond obligated the sureties to pay the judgment rendered and will not permit the appellants to go back of the judgment; Long and Ormes' derivative rights do not rise above their source in the Bank or Bass.

■■ While the bondsmen may assert any defense the garnishee bank or debtor Bass might have had, in this instance Bass presented the defense that the garnishee bank might have made and the trial court denied it and judgment has become final against both. The bondsmen have no standing to assert in this court on behalf of the Bank and Bass the same want of jurisdiction defense that Bass presented and the record shows to have been finally adjudicated against the Bank and Bass. To allow this defense to be interposed a second time would amount to giving the garnishee Bank and Bass a second trial upon the same issue without setting aside the judgment in the first trial. Existence of jurisdiction over and a final judgment against the Bank and debtor Bass, the principal in the Replevy Bond, distinguishes this case from Walker v. Illinois Torpedo Co. (Tex.Civ.App.1925), 278 S.W. 456, no writ; Marks v. Security State Bank of McCamey (Tex.Civ.App.1931), 42 S.W.2d 480, writ refused, and other similar want of jurisdiction cases.

The judgment of the trial court is affirmed.