· H. & R. KLEINSMITH v. H. KEMPNER.

Decided November 23, 1904.

1.—Attachment—Partnership.

In a suit against H. ·K. and R. K., composing the firm of H. & R. K., a writ of attachment directed against the property of H. & R. K. authorized a levy on either. the firm property or the individual property of either partner.

2.—Right to Open and Conclude—Admission of Plaintiff's Cause of Action.

Where defendants, in a suit for money loaned and commission on sale of cotton, having plead in defense damages by reason of plaintiff's failure to properly care for the cotton and to sell it when required, admitted plaintiff's cause of action except so far as it might be defeated by the facts set up in defendant's answer, for the purpose of obtaining the right to open and conclude, they were not precluded by such admission from making proof of the facts so set up in their plea; the burden was not upon plaintiff to negative such facts in order to entitle him to recover upon the cause of action pleaded.

3.—Attachment—Probable Cause—Evidence.

On the issue of levy of attachment without probable cause, defendant should have been allowed to prove that his refusal to make settlement of the claim sued on was for the reason that he claimed offsets on plaintiff's demand.

Appeal from the District Court of Caldwell. Tried below before Hon. L. W. Moore.

*McNeal & Ellis* and *Jas. P. Ellis,* for appellant.—The levy of a writ of attachment, directed against the property of a firm alone, and not against that of the individuals comprising the firm, is void and fixes no lien when made upon the property of an individual. Cleveland v. Spencer, 50 S. W. Rep., 405; Fiedler v. Blow, 1 Ohio Dec. (Reprint), 245, 5 West L. J., 405; Winchester v. Pierson, 1 Ohio Dec. (Reprint), 161, 3 West L. J., 131.

An admission in the language of Rule 31 of district and county courts does not preclude the party making such admission from making proof of the matters alleged in his plea of confession and avoidance or cross action. Rule 31, District and County Courts; Smith v. Traders National Bank, 74 Texas, 541; Mobile F. & T. Co. v. Boero, 55 S. W., 361; Ramsey v. Thomas, 14 Texas Civ. App., 1432.

· The court erred in refusing to permit the witness, H. Kleinsmith, to explain his refusal to make settlement with plaintiff, which testimony would have been to the effect that he claimed the offsets described in`his answer and plea in reconvention. Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 200.

*P. J. Greenwood* and *A. B. Storey,* for appellee.—Partnership property, and the separate· or individual property of each member of a partnership is subject to seizure and sale for the purpose of paying partnership debts; and writs of attachment or other like process directed against the members of a firm and partnership to secure the payment of a firm debt, can be legally levied on the property of the firm, or upon the property of the individual members of such firm and partnership, or both firm and individual property can be seized under such writ.

An admission by defendants in the language of Rule 31 of district and county courts, admits every fact plaintiff would be required to prove in order to establish her cause of action and recover in the case, and such admission precludes the party making the same from introducing evidence upon any point entering into or forming a basis of the cause of action declared on, which was a contract, not only to loan money, but to ship cotton, to sell cotton at its market price, to insure the cotton and to settle for the balance, if any. Sanders v. Bridges, 67 Texas, 93, 2 S. W. Rep., 663; Mutual L. Ins. Co. v. Baker, 10 Texas Civ. App., 515; Mobile F. & T. Co. v. Boero, 55 S. W. Rep., 361.

The court did not err in refusing to permit the defendant, Kleinsmith, to explain why he refused to pay plaintiff's claim. It was immaterial to any issue in this case.

EIDSON, ASSOCIATE JUSTICE.—This action was instituted in the court below by Mrs. Eliza Kempner as survivor in the community estate of herself and H. Kempner, deceased, and doing business in the city and county of Galveston, under the firm name and style of H. Kempner, to recover of appellants H. & R. Kleinsmith the sum of $6937.32, with interest from the 1st day of January, 1902, said amount being alleged to be a balance due appellee on account of money loaned appellants and commissions on the sale of cotton shipped to appellee by appellants.

On the day of the institution of the suit, appellee sued out a writ of attachment against the property of appellants, upon the alleged ground that they had disposed of their property, in whole or in part, with intent to defraud their creditors. The writ of attachment was levied upon a certain stock of goods claimed to be the property of appellants; and on certain real estate as the property of R. Kleinsmith and on certain other real estate as the property of H. Kleinsmith.

Appellant, R. Kliensmith, adopted the answer of his codefendant, H. Kleinsmith, except as to damages claimed by him for the alleged wrongful suing out of the attachment; and further answered that he was a married man and the head of a family and owned a home in Luling which was exempt from execution, and which had been levied upon under the writ of attachment in this cause, and alleged that same was not subject thereto, and prayed that same be set aside to him.

Appellant H. Klcinsmith answered by general and special demurrers and general denial, and further that by special agreement appellants shipped from Luling to appellee in Galveston, in the latter part of 1900, and early part of 1901, 614 bales of lint cotton in good order and condition, which cotton was by appellee received in good order; and that appellee was to advance to appellants $47 per bale on said cotton, and hold same for them, and to store and keep the same in good condition until such time as they might order it sold, and to charge 6 percent on the money advanced. That, from time to time, appellants drew money from appellee on said cotton; that appellee failed to properly care for said cotton and to store the same, but permitted it to be exposed to rain and to waste to such an extent that it lost $2487, which was pleaded as an offset to plaintiff's claim; that appellants executed two notes for $1250 each to appellee, and to secure the same, appellant, H.

Kleinsmith, delivered to appellee certain land notes, aggregating, principal and interest, $1500; that on January 1, 1902, H. & R. Kleinsmith by mutual consent dissolved the partnership between them, R. Kleinsmith retiring and the property of the said firm became the property of H. Kleinsmith, and he continued said mercantile business in the storehouse, the property of said H. Kleinsmith, which house and lot was the business homestead of said H. Kleinsmith; that said business homestead was seized under said writ of attachment, and said appellant ousted from the possession thereof, and the same retained and held by appellee for more than two months. Said appellant, H. Kleinsmith, set up his business homestead right in the said property, alleging that it was not subject to atachment, and prayed that it be set aside to him, and for the rental value of the same at $75 per month. Said appellant alleged that he was in possession of the stock of goods and was the owner thereof at the time of the levy of the attachment in this case upon same, and that the grounds set up by appellee for attachment in her affidavit were false and untrue, which facts were known by appellee, and that said attachment was issued wrongfully and without probable cause, and that by reason of the wrongful issuance and levy of said attachment, and the seizure of the exempt property, appellant was damaged in the sum of $10,000 actual damages; that the levy was excessive, and his damages by reason thereof was $5,000. And further that said attachment was maliciously sued out and appellant's credit injured, and he was thereby damaged in the sum of $25,000 exemplary damages; and further claimed certain personal property levied on, as exempt.

Appellee, by her first amended supplemental petition, denied the allegations in appellant's answer generally and specially, and alleged that the eight notes known as the Essex-North notes were deposited with her to secure any debt due her by the defendants; that said notes were worthless and uncollectible, on account of a prior lien in favor of W. W. Lipscomb on the land securing said notes, which prior lien was largely in excess of the value of said land; that the facts stated in the affidavit for attachment were true, and specially denied that said attachment was wrongfully and maliciously sued out and levied, but alleged that the writ of attachment was sued out on the legal grounds to collect an honest debt, and for no other purpose; that defendants were not prosperous merchants, but had been in failing circumstances for several years; that the dissolution of said partnership on January 1, 1902, by the terms of which H. Kleinsmith came into the absolute possession and control of all the property of said firm, and agreeing to pay all firm debts, except the debt due appellee, of which R. Kleinsmith was to pay one-half, thereby placing it beyond the power of said R. Kleinsmith to make said payment, and placing the property, money, notes and accounts of said firm beyond his, R. Kleinsmith's control and beyond the reach of appellee, was and is a fraud on appellee. Appellee also in said supplemental petition denied that she negligently handled and cared for said 614 bales of lint cotton shipped to her as alleged, or that the same was damaged while in her hands, alleging that she took good care of said cotton, and when ordered to sell, sold the same at its full market value and placed the same as a credit on appellant's account; and at-

taches to said supplemental petition a full itemized account of all moneys borrowed, insurance, storage and commission charges for the handling and selling of said 614 bales of cotton, giving weights, class, price, charges and the net amount of all of it, etc.

A motion was made by appellants to quash the attachment and sheriff's return, which motion was by the court overruled. After issues were joined in the case, and before the trial of the case had begun, appellants filed an admission in writing of plaintiff's cause of action under the law and under the rule, and requested the right to open and conclude in the introduction of testimony and the argument; which admission being entered of record, the request was by the court granted.

Upon a trial of the case before a jury, the following verdict was rendered: "We the jury find in the case of H. Kempner v. H. & R. Kleinsmith, that H. Kempner is entitled to recover from H. & R. Kleinsmith seven thousand seven hundred and seventeen and 77-100 dollars, with interest at 6 percent per annum from this date, and all costs of suit, less credit of three thousand and thirty-one and 5-100 dollars for stock of merchandise sold May 16, 1902, and bought in by H. Kempner. We further find that H. Kleinsmith is entitled to one hundred and twenty-five no-100 dollars for rent of rock storehouse from May 16, 1902, to July 31, 1902. We further find that all property as levied on under the writ of attachment was subject to said writ of attachment, except rock storehouse of H. Kleinsmith, safe, desk and chair of H. Kleinsmith, and the dwelling or homestead of R. Kleinsmith. We further find that H. Kempner shall return the Essex-North notes or proceeds of same to H. Kleinsmith when said Kleinsmith pays all amounts due said Kempner." Upon which verdict a judgment was rendered in accordance therewith.

*Opinion.*—The first assignment of error complains of the action of the court in overruling defendant H. Kleinsmith's motion to quash return on writ of attachment, because the writ of attachment issued in this cause shows that the officer was commanded to attach the property of H. & R. Kleinsmith, and the return thereon shows that the individual property of H. Kleinsmith was attached.

Appellants contend under this assignment, that the writ of attachment was directed against the property of the firm alone, and not against the individuals composing the firm, and that it would not authorize a levy upon the property of the individual members of the firm, and if levied, would fix no lien thereon. The suit appears to be brought against H. and R. Kleinsmith, composing the firm of H. & R. Kleinsmith, and the writ of attachment was directed against the property of H. & R. Kleinsmith. We think the writ would authorize a levy upon either the firm or individual property of H. & R. Kleinsmith; and therefore overrule this assignment.

Appellants' second assignment of error contends that the court erred in refusing to permit defendant, H. Kleinsmith, to prove by himself and others, in support of his cross-action, the facts sought to be proven, as shown by defendant's bill of exception number 1. It appears from the record that before the trial of the cause appellants filed and had entered

of record an admission that plaintiff had a good cause of action, except in so far as the same might be defeated, in whole or in part, by the facts of their (defendants') answer constituting a good defense, which may be established in the trial of said cause; and appellants were then permitted by the court to open and conclude in the introduction of the evidence and the argument. It appears by appellants' bill of exception number 1 that upon the trial of the cause they offered to prove by appellant, H. Kleinsmith, the following facts:

"That during the fall of 1900 and early part of 1901, defendants shipped to plaintiff in good order and condition 614 bales of lint cotton, aggregating in weight 326,838 pounds, which cotton was received by plaintiff in Galveston in good condition, which cotton was by agreement [between] plaintiff and defendants shipped to plaintiff, and plaintiff agreed with defendants and promised defendants that in consideration of the sum of $1 per bale plaintiff would insure, care for and protect said cotton from damage by exposure to the weather and keep the same stored in good warehouses or sheds, all the expense of which storage and insurance was to be borne by defendants. That plaintiff was to hold said cotton for defendants until such time as they should order the same sold, and when so ordered they were to sell the same. That the 614 bales of cotton, at the time and in the condition the same was received by the plaintiff in Galveston, classed 4 or 5 points above middling cotton. That plaintiff failed to care for said cotton according to contract, and failed to store the same properly, as she had agreed and obligated herself to do, but negligently permitted the same to become wet and to rot and waste, so that defendants thereby lost 5,000 pounds of said cotton. That on the 20th day of August, 1901, the said 614 bales of cotton were worth on the market in Galveston, Texas, 9 cents per pound, and defendants on said day and date instructed and requested plaintiff to sell said cotton, but plaintiff, disregarding her obligation and contract with defendants, and in violation of the same, failed and refused to obey said instructions to sell said cotton. That if plaintiff had obeyed said instructions said cotton would have brought 9 cents per pound on said date in Galveston. That defendants protested against plaintiff's refusal to sell said cotton at said time, and continued thereafter to protest and object to plaintiff's course with reference to said cotton, and never at any time or in any manner ratified or agreed to plaintiff's conduct.

"That immediately after plaintiff refused to comply with defendant's request to sell said cotton, the price declined and was never thereafter, during the time the same was held by plaintiff until sold, worth 9 cents per pound. That when plaintiff sold said cotton for less than 9 cents such sale was over the protest and against defendants' instructions. That the difference between what defendants would have received for their cotton if same had been sold on August 20, 1901, and what said cotton brought when sold by plaintiff over defendant's protest, was $1634.19; that defendants' loss on the 5000 pounds, which on account of plaintiff's breaches of her contract rotted and went to waste, was $450."

Appellants contend that the object and purpose of offering said testi-

mony was to establish the matters alleged in their answer in confession and avoidance of appellee's cause of action; that while they admitted they had borrowed the money, as claimed by plaintiff, and agreed to pay commissions for selling the cotton shipped to her, yet on account of her refusal to sell the cotton when requested, and on account of her failure to care for and properly store the cotton, as she had contracted to do, ·appellants were damaged in the amounts claimed.

The court below, on objection by appellee to the admission of the above testimony, refused to permit appellants to introduce same. Appellee's objections to the admission of said testimony were based on the ground that appellants having filed their admission in writing that plaintiff had a good cause of action, except in so far as the same might be defeated, in whole or in part, by the facts of their answer constituting a good defense which may be established in the trial of said cause, were thereby precluded from making any proof of any facts disputing plaintiff's account as sued on, and appellee contended· that the testimony offered was to that effect.

We do not agree with this contention of appellee, and are of the opinion that the court below erred in rejecting the testimony offered. The appellee's suit was based upon a claim for an amount of money alleged to be the balance due her on account of money loaned to appellants; and also an amount due her as commissions on the sales of cotton shipped her by appellants. The admission of .appellants relieved appellee from making any proof to establish her prima facie right to these amounts; and in the absence of appellants' admission, it would have been unnecessary for appellee to have made any other proof than that she had loaned the money claimed to appellants and that she had sold the cotton for appellants, and the amount agreed to be paid as commissions for selling same, and that such amounts were unpaid. It would have been unnecessary for her to have alleged or proven that she had taken good care of the cotton shipped to her, or that she had not refused to sell such cotton when requested by appellants; or that said cotton `had not been damaged, etc. These would have been matters proper for the appellants to plead and prove under their plea of confession and avoidance. Appellee in her petition upon which she went to trial simply set up her right to and appellant's liability for the balance of the amount loaned them, and the commissions to which she ʻwas entitled for the sale of cotton shipped her by them. In her supplemental petition, in response to appellants' answer setting up substantially the matters they offered to prove by the evidence rejected, she specially denied same. But this did not have the effect of relieving appellants from the burden of proving them and placing such burden upon her, nor could it in any way change the effect of the admission appellants had made. Rule 31, District and County Courts; Smith v. Traders Nat. Bank, 74 Texas, 541.

Appellants' fifth assignment of error is as follows: "The court erred in refusing to permit the witness, H. Kleinsmith, to explain his refusal to make settlement with plaintiff, which testimony would have been to the effect that he claimed the offsets described in his answer and plead in

reconvention, as more fully appears in defendants' bill of exceptions number 3, which is here referred to and made a part hereof."

It appears from appellants' bill of exceptions number 3 that they offered to prove by H. Kleinsmith that when the plaintiff's attorney, P. J. Greenwood, demanded of him payment of the indebtedness due appellee, he refused to pay the same in full, because he demanded of plaintiff (appellee) that she make an allowance of offset on account of the damage done to the cotton shipped her while in her hands.

Appellants' purpose in offering this testimony was to illustrate and throw light upon the refusal of the said H. Kleinsmith to make a settlement with appellee, and to show that there existed a controversy between appellants and appellee as to the amount of the indebtedness.

We are inclined to the view that this testimony was admissible upon the issue as to whether the appellee sued out the writ of attachment with malice and without probable cause. The testimony would have shown that appellants claimed that they were not due appellee the full amount she demanded, on the ground that they had been damaged by reason of her failure to sell the cotton shipped by them when requested by them and on account of her failure to take proper care of such cotton while in her possession. We think the jury should have been given the opportunity to pass upon this testimony, in connection with the other testimony in the record upon the issues as to whether appellants had disposed of their property, in whole or in part, with intent to defraud their creditors, as alleged by appellee in her affidavit for attachment, and as to whether appellee had probable grounds for making such affidavit.

The other assignments of error presented in appellants' brief are not well taken, and are overruled. As above indicated, we sustain the second and fifth assignments of error.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

· *Reversed and remanded.*