### HUNSAKER et al. v. ABBOTT et al.*
(No. 7031.)

(Court of Civil Appeals of Texas. Austin.
Dec. 1, 1926. Rehearing Denied
Jan. 5, 1927.)

**1. Appeal and error ⚖=1011(1)—Judgment on conflicting evidence as to issues of fact must stand on appeal.**

Trial court's judgment as to issues of fact on conflicting evidence, in case tried without jury, must stand on appeal.

**2. Appeal and error ⚖=931(4)—It will be presumed that trial court found sheriff's return was properly served, where statements in motion to amend were not controverted.**

Where facts stated in motion to amend sheriff's return were not controverted, it will be presumed that trial court found as matter of fact that writ was properly served, in absence of specific finding or conclusion showing judgment was based on erroneous proposition of law.

**3. Garnishment ⚖=96—Writ of garnishment will not be quashed because of defective return, where record shows proper service.**

Where record shows proper service of writ of garnishment, as matter of fact the writ will not be quashed because of defective return of officer serving it.

**4. Appeal and error ⚖=662(1)—Motion to amend sheriff's return and sheriff's affidavit attached showing proper service is sufficient proof thereof when appearing in transcript uncontroverted.**

Motion to amend sheriff's return on writ of garnishment, with sheriff's affidavit attached showing proper service, is sufficient proof of proper service thereof when appearing in transcript uncontroverted by either pleading or proof.

Appeal from Dallas County Court, at Law;
W. N. Coombes, Judge.

Action by George Abbott against P. D. Hunsaker, wherein the First National Bank, Plainview, Tex., was made garnishee. Pending hearing on a motion to amend and correct the sheriff's return on the writ of garnishment, defendant appeared and filed a waiver of defects and confession of judgment, whereupon House & Wilson, as attorneys for defendant, filed a plea of intervention, and the National Surety Company, as surety on defendant's replevy bond, also intervened. Judgment against defendant and the National Surety Company, and the interveners appeal. Affirmed.

See, also, 286 S. W. 610.

Carden, Starling, Carden & Hemphill and House & Wilson, all of Dallas, for appellants.

Williams & Martin, of Plainview, and Tresp & Rawlins and Eckford, Whisenant & McMahon, all of Dallas, for appellees.

BLAIR, J. Appellee sued P. D. Hunsaker, August 30, 1920, in the county court of Hale county, on a note alleged to be payable in that county, and on the same day caused a writ of garnishment to ʾissue to the First National Bank, Plainview, Tex., a national banking corporation, upon which the sheriff made this return:

"Came· to hand the 30th day of August, 1920, at 9:45 o'clock a. m. and executed the 30th day of August, 1920, at 10 o'clock a. m. by delivering to First National Bank R. A. Underwood, its vice president, the within named garnishee at ——— a true copy of this writ ———.

Serving copies........................................ $ .75
Mileage, ——— miles............................ ———

Total ............................................... .75
"J. C. Terry, Sheriff Hale County,
"By ———, Deputy."

Hunsaker's plea of privilege to be sued in Dallas county because the note was payable there was sustained, and on July 12, 1923, both the main suit and the ancillary garnishment proceedings were ordered transferred to the county court at law of Dallas county. On the same day before the transfer, Hunsaker filed his replevy bond with the National Surety Company as surety, and garnishee bank answered, setting up that fact, and further that it had on deposit $1,000 in the name of P. D. Hunsaker. Some character of negotiation looking to a settlement of the litigation was then begun, and no other proceedings were had until February 12, 1924, when Hunsaker filed his motion to quash the garnishment proceedings, and, among other things, urged that the sheriff's return quoted showed no legal service of the writ. The motion was sustained, but was later set aside upon motion of appellee, who alleged that the order sustaining the motion to quash was entered in compliance with an agreement of Hunsaker to pay a certain amount on the note, which he had not done. On February 29, 1924, appellee filed his motion to amend and correct the sheriff's return, so as to comply with the facts shown by an attached affidavit of the sheriff, which showed that he had in fact legally served garnishee bank.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 23, 1927.

While the hearings on these various motions were being had, Hunsaker appeared and filed, without the consent of his attorneys, his waiver of defects in the garnishment proceedings, if any, and his confession of judgment, and requested that judgment be rendered against himself and his bondsmen, National Surety Company, in favor of appellee; whereupon his attorneys, House & Wilson, filed a plea of intervention, alleging that Hunsaker assigned to them a one-half interest in the $1,000 impounded by the attachment in garnishment, or, so much thereof as they might recover in this suit, and in addition such an amount of it as would pay one-half of their expenses in defending this and other litigation then pending against Hunsaker; that, after they had rendered the services contracted for and had incurred the expenses therein, their client, Hunsaker, entered into a collusion with appellee to file his aforesaid waiver and confession of judgment, for the purpose of defrauding them of their assigned interest in said $1,000, which was alleged to be $986.12. The National Surety Company also intervened and adopted the above pleadings of interveners, House & Wilson, and further alleged the insolvency of Hunsaker; and all the interveners joined in and urged the same motion to quash the garnishment proceedings as had been theretofore urged in behalf of Hunsaker.

For the purposes of this appeal it may be conceded that interveners proved all the material allegations of their respective pleadings on a hearing, October 29, 1924, upon appellee's amended motion to amend and correct the sheriff's return, and also upon interveners' motion to quash the garnishment proceedings for the same reasons theretofore urged in behalf of Hunsaker. Appellee's motion to amend the sheriff's return, and the facts alleged therein, and shown by the sheriff's affidavit attached thereto, were not traversed, but for some reason not disclosed by the record the court overruled the motion, to which action appellee duly excepted and filed his bill of exception, but does not cross-assign error on this appeal. The court also overruled interveners' motion to quash the garnishment proceedings, and thereupon rendered judgment against Hunsaker and his bondsmen, National Surety Company, for $796.35, with 10 per cent. interest, in favor of appellee.

[1-4] Interveners appeal and urge several reasons why the garnishment proceedings should have been quashed, but none of them merit a discussion, except the one in reference to the insufficiency of the sheriff's return on the writ of garnishment. They now insist that the judgment is based upon the erroneous conclusion of the trial court that by answering garnishee waived all defects in the garnishment proceedings, including defects in the sheriff's return thereon. The record does not sustain this contention. The court before whom the case was tried without a jury was not requested to file findings of fact and conclusions of law upon which the judgment was based, and none were filed. All matters urged on the motion to quash, except on the question of the sufficiency of the sheriff's return, presented issues of fact upon which the evidence is conflicting, and the judgment with reference to them must stand on appeal. The motions to amend the sheriff's return and to quash the garnishment proceedings were heard together, and both were overruled. The facts stated in the motion to amend the sheriff's return and in the sheriff's affidavit attached thereto were not controverted, either by pleadings or proof. Therefore, in absence of a specific finding or conclusion showing that the judgment was based upon an erroneous proposition of law that by answering garnishee waived the defective return of the writ of garnishment, we must presume that the trial court found as a matter of fact that the writ had been properly served. It is well settled that, where the record shows proper service of a writ of garnishment as a matter of fact, the writ will not be quashed because of a defective return by the officer serving it. El Paso Ry. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855; Nelson v. Rehkopf (Ky.) 75 S. W. 203; Carpenter v. Laswell (Ky.) 63 S. W. 609; Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553. The motion of appellee to amend the return, with the affidavit of the sheriff attached, showing proper service on garnishee bank, appears in the transcript uncontroverted by either pleadings or proof, and is sufficient proof that proper service of the writ was had, and we therefore affirm the judgment.

Affirmed.