HOUSEMAN et al. v. GUARANTY SECURI-
TIES CO.   (No. 1991.)

Court of Civil Appeals of Texas.   El Paso.
March 17, 1927.

Estoppel ⟐☞68(5)—Defendant and ·surety, on
replevy bond to release ·money seized in bank,
held estopped to deny defendant's ownership.

Defendant judgment debtor and his surety,
upon· replevy bond to release from garnish-
ment moneys in hands of bank in defendant's
name, *held* estopped to deny that the money be-
longed to ·defendant, and to allege that it be-
longed to the surety.

Appeal from District Court, Dallas County;
Louis Wilson, Judge.

Action by the Guaranty Securities Com-
pany against Clarence Houseman and others,
in which the Central National Bank of Dallas
was made garnishee and Dr. Guy F. Witt in-
tervened.   Judgment for plaintiff, and de-
fendant and intervener appeal.   Affirmed.

Callaway, Dalton & Callaway, of Dallas, for
appellants.

Irish & Henderson, of Dallas, for appellee.

HIGGINS, J.   Appellee recovered a judg-
ment for $943.25 against Clarence Houseman
and others.   Based thereon, writ of garnish-
ment was issued and served upon the Central
National Bank of Dallas.   The bank an-
swered, admitting an indebtedness of $811.47
to Houseman and negativing any other liabil-
ity.   Houseman gave a replevy bond, with Dr.
Guy F. Witt and. another as sureties, which
recited the issuance and service of the writ,
and then proceeded:

"And whereas Clarence Houseman, defendant,.
claims that he does not own or claim any part
of the funds or ·money in the hands of the
Central ·National Bank, but that all of said
moneys belong to and are the property of Dr.
Guy F. Witt and were merely placed· in the
bank in the name of the said Clarence House-
man, as the agent and representative of the said
Witt, and that he therefore, as such· agent
and for the benefit of his said principal, desires
to replevy any effects, debts, shares, or claims of
any kind . seized or garnished under and by
virtue of said writ of garnishment:

"Now, therefore, in order to release from the
lien of said writ any and all debts, claims,
shares, and effects, if any, owing by and in the
possession of the said Central National Bank,
and belonging to the said Clarence Houseman,
as trustee and agent for the said Dr. Guy F.
Witt at the date of service of said writ, and
which may be owing by him or shall come into

his possession up to the time of filing his an-
swer as garnishee in said cause, we, the under-
signed Clarence Houseman, as principal, Guy
F. Witt and Homer Donald, as sureties, ac-
knowledge ourselves bound to pay to the said
Guaranty Securities Company, the sum of
$1,880.50, conditioned for the payment of any
judgment that may be rendered against the said.
Central National Bank, as garnishee."

Houseman answered, controverting the an-
swer of the garnishee.   He alleged the fund
in controversy belonged to Dr. Guy F. Witt
and was turned over to him (Houseman), as
Dr. Witt's agent, to be used and paid out for
the latter's benefit.

Dr. Witt intervened, setting up the same
facts.

The appellee replied to· the pleadings of
Houseman and Witt.that, by the execution of
the replevy bond and withdrawal of the fund
from the garnishee, they were estopped to·
deny.that the money belonged to Houseman.

The trial court sustained the contention of
appellee and rendered judgment accordingly.
Houseman and Witt appeal.

All question as to the correctness of the
trial court's ruling is foreclosed in its favor
by Davis v. McFall (Tex. Civ. App.) 168 S. W.
453, and Bank v. Sanborn (Tex. Civ. App.)
169 S. W. 1075.

In the first-cited case the principal defend-
ant, W. C. McFall, replevied the garnished
fund giving bond with J. M. McFall as one of
the sureties. The bond recited that W. C. Mc-
Fall desired to replevy the fund for the rea-
son that:

It "is not the property of the said W. C.
McFall, but belongs to one J. M. McFall."

J. M. McFall intervened in the garnishment
suit, claiming the money as his own and that
W. C. McFall held it in trust for him.   It was
held that W. C. McFall and his surety, J. M.
McFall, were both estopped to deny the money
belonged to W. C. McFall, and judgment was
rendered in favor of the plaintiff in garnish-
ment.   This case is directly in point.   A writ
of error was refused.

In Bank v. Sanborn (Tex. Civ. App.) 169 S.
W. 1075 (writ refused), the same ruling was
made, but in this case there were no recitals
in the bond asserting ownership of the fund
to be in any one other than the principal de-
fendant.

In further support of the judgment ren-
dered herein, see Seinsheimer v. Flanagan, 17
Tex. Civ. App. 427, 44 S. W. 30.

Affirmed. ·

⟐☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes