MYERS et al. v. DANIEL et al.    (No. 3483.)

Court of Civil Appeals of Texas.    Texarkana.
Feb. 17, 1928.

Rehearing Denied Feb. 23, 1928.

1. Estoppel ⊕⇒119—Conflicting testimony as to whether landlord promised to have cotton picked after levy made estoppel question of fact under landlord's claim for damages from attachment against tenant.

Question whether landlord, asserting claim against sheriff and sureties on attachment bond for damages to unpicked cotton on account of levy thereon under attachment in suit against tenant, was estopped to assert right by having agreed to have cotton picked, *held* question of fact for trial court in case tried without jury, where testimony on that issue was conflicting.

2. Appeal and error ⊕⇒1011(1)—Trial court's determination under conflicting evidence is respected on appeal.

Trial court sitting as jury is under duty to determine conflict in evidence, and his determination must be respected on appeal.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Suit by A. A. Myers against L. A. La Grone, in which a writ of attachment was issued, and defendant filed a cross-action. J. M. Daniel intervened, making L. E. Stone, Sheriff, and others parties. From the judgment, plaintiff and defendant Stone appeal. Affirmed.

Appellant A. A. Myers, as the owner, sued appellee L. A. La Grone as the maker of a promissory note payable to the Rogers State Bank & Trust Company. At the time he commenced the suit, Myers procured the issuance of a writ of attachment, which was levied on unpicked cotton grown by La Grone on land rented by him of appellee J. M. Daniel. In his answer, La Grone denied that he owed anything on the note, and, in a cross-action against Myers, sought a recovery of damages in the sum of $686.95. Daniel, the owner of the land on which the cotton levied upon was grown, intervened in the suit, making appellees G. T. Haggard and V. V. Keasler sureties on the attachment bond, appellee T. J. Bridges, a constable, and L. E. Stone, sheriff, parties, and alleging that the writ of attachment was levied by Bridges at Stone's instance and request; that the value of the cotton levied upon was $960; that by the terms of their contract La Grone was to pay him one-half of such value, alleged to be $480, as rent for the land; that, in addition to that sum, La Grone owed him $75 on account of supplies furnished to enable him to grow and gather the cotton; and that, after the cotton was levied upon, it was left unpicked in the field, and as a consequence was greatly damaged by rain. He prayed for judgment against La Grone for said sums of $480 and $75, for a foreclosure of the landlord's lien he claimed on the cotton, and for a recovery against Myers, Haggard, and Keasler on the attachment bond, and against Stone and Bridges of any balance of the judgment in his favor against La Grone remaining unsatisfied after crediting same with the proceeds of a sale under the foreclosure. Myers defended against the recovery sought by Daniel on the ground (he alleged) that, after the writ of attachment was levied on the cotton, Daniel agreed with his (Myers') attorney to gather and sell same, and, after deducting from the proceeds of the sale expenses he incurred and the amount La Grone owed him, to turn over the part thereof remaining to be applied to the satisfaction of his (Myers') claim against La Grone. Myers alleged that the cotton was damaged as charged by Daniel because of his (Daniel's) failure to comply with his undertaking to gather it, and that Daniel was estopped to claim anything on account of such damage. In their answer to Daniel's allegations, Stone and Bridges alleged that they used due diligence in an effort to gather the cotton after it was levied upon, and that the damage to it from rain was due to their inability to gather it sooner than they did. The trial was to the court without a jury, and resulted in a judgment in Myers' favor against La Grone for $285.40 and foreclosing the attachment lien on the one-half of the cotton levied upon owned by La Grone; in favor of Daniel against Myers and Stone jointly for $450, as the value of one-half of the cotton levied upon owned by Daniel; in favor of Daniel against Myers alone for $75; and that Bridges, Keasler, and Haggard "go hence without day." The appeal was prosecuted by Myers and Stone.

Schluter & Singleton, of Jefferson, for appellants.

Bartlett & Newland, of Linden, and O'Neal & Harvey, of Atlanta, for appellees.

WILLSON, C. J. (after stating the facts as above). It appeared from evidence heard at the trial that the writ of attachment was levied September 21, 1925, and that, after the levy was made, the cotton was left in the field unpicked until the following December. It began to rain about ten days after the levy

---

was made, and continued to do so for about two months. A result of leaving the cotton in the field unpicked and exposed to rain so long was to render it almost valueless.

In their brief, Myers and Stone say the only question to be determined here is as to whether Daniel, after the levy of the writ, agreed with C. C. Hines, one of Myers' attorneys, it was alleged, that he (Daniel) would have the cotton picked. Myers and Stone insist it appeared Daniel so agreed, and that, because he did, he was estopped from asserting a right to recover of them as he sought to.

Testifying as a witness, Hines said that five or six days after the writ was levied he told Daniel "to get the hands and pick the cotton and gin it and sell it and turn the money over to me, and Mr. Myers would pay the picking and Mr. Daniel agreed to that, and said he would put hands in there and have the cotton picked, and I saw Mr. Stone coming across the street and told him about it, and that is the last I ever had to do with it." Daniel, testifying as a witness, said he did not so agree. "I just didn't tell Mr. Hines," he said, "that I would put hands out there and pick that cotton."

[1, 2] It is apparent from what has just been said that the testimony as to whether Daniel agreed to have the cotton picked or not was conflicting. It was the duty of the trial court to determine the conflict, and, under the rule applicable, his determination of it must be respected by this court. Kelley v. Howard (Tex. Civ. App.) 44 S. W. 546; Ford v. Denton (Tex. Civ. App.) 43 S. W. 568; Hunsaker v. Abbott (Tex. Civ. App.) 289 S. W. 127; Kirby Lumber Co. v. Adams (Tex. Civ. App.) 291 S. W. 279; Harpold v. Moss, 101 Tex. 540, 109 S. W. 928.

The judgment is affirmed.