Illustrative cases are the following: Thompson v. State, 82 Tex. Cr. R. 524, 200 S. W. 168; Blackstock v. State, 91 Tex. Cr. R. 106, 237 S. W. 282; Stoker v. State, 93 Tex. Cr. R. 24, 245 S. W. 444; Huebsch v. State, 94 Tex. Cr. R. 461, 251 S. W. 1079; Lynch v. State, 102 Tex. Cr. R. 638, 279 S. W. 271.

There are criticisms of the charge of the court. While not prepared to approve the charge, a discussion of it is deemed unnecessary in view of the opinion hereinabove expressed. Suffice it to say that we assume that upon another trial (if one be had) the charge will be in a different verbiage.

The state's motion for rehearing is overruled.

**KELSEY v. LIETZ et al.**

**No. 1043.**

Court of Civil Appeals of Texas. Waco.

March 26, 1931.

Rehearing Denied April 30, 1931.

John W. Craig, of Dallas, for appellant.

Y. W. Holmes, of Comanche, for appellees.

**BARCUS, J.**

Appellees J. C. Lietz and W. C. Kohlhorst recovered judgment in the district court of Comanche county on May 25, 1920, against Arthur Kelsey and other defendants not necessary to name, for the sum of $3,098.13. On February 16, 1930, said appellees filed an affidavit and bond in garnishment, in which they gave the style and number of the cause in which same was rendered and the date thereof and the amount, and stated that "said judgment is still in force and unsatisfied." They had a writ of garnishment issued against the Mercantile Bank & Trust Company of Texas, a corporation, with its domicile in Dallas county. The writ commanded said garnishee to answer what effects, if any, it had in the name of Arthur Kelsey, Arthur C. Kelsey, or C. Arthur Kelsey. The garnishee answered that it did not have any funds in the name of any of said parties, except that there was on deposit with it $243.96 in the name of C. A. Kelsey. C. A. Kelsey replevied said money, and then intervened in this suit, and filed his motion to quash the affidavit and bond in garnishment for eight different reasons. The appellees named above, by a supplemental pleading, alleged that Arthur Kelsey named in the original judgment and C. A. Kelsey were one and the same person. The trial court overruled C. A. Kelsey's motion to quash the garnishment proceedings, and entered judgment against C. A. Kelsey and his bondsmen for the amount of funds that had been impounded in the garnisheed bank and which had been replevied by C. A. Kelsey. C. A. Kelsey alone appeals.

There is no statement of facts filed with the record; neither is there any findings of fact by the trial court, none having been requested. Appellant does not present any assignments of error, and there are no propositions in his brief. His sole contention is that the judgment of the trial court is fundamentally erroneous, and that same so appears from the face of the record. We do not think there is any fundamental error apparent of record which authorizes or would justify the court in reversing the judgment of the trial court.

■ In his brief, appellant sets out in hæc verba the eight grounds contained in his motion to quash the affidavit and bond in garnishment, and discusses all of them together. Appellant contends that the service of citation on the cashier of the garnishee bank was not sufficient, because the cashier of a banking corporation is not one of the persons named in the statute upon whom service could be had. Almost this identical question was decided adversely to appellants' contention by the Commission of Appeals in First National Bank of Athens v. Guaranty Bond State Bank of Athens, 23 S.W.(2d) 312. As was said in the cited case, the service might not have been sufficient to support a judgment by default, but, the garnishee having answered and the defendant having contested the sufficiency of the service, the court was authorized to ascertain from the facts whether the bank had been legally served. There being no statement of facts and the issue having been raised in the trial court, it is presumed the court had before it sufficient facts to authorize it in holding that the service was legally sufficient.

■ Appellant further contends that the affidavit for garnishment was fatally defective, in that it did not allege that the plaintiffs in that court had a "valid and subsisting judgment." The affidavit gave in detail the date of the judgment, the number of the cause in which it was rendered, name of the parties, plaintiff and defendant, the amount thereof, and stated that said judgment was still "in force and unsatisfied." In Patton v. Crisp & White, 11 S.W.(2d) 826 (error dismissed), the Court of Civil Appeals held that an assignment presenting a similar question was too general in its nature to require any consideration.

We have, however, considered said contention, and think the allegation contained in said affidavit was sufficient as against the general demurrer, and that the motion to quash the affidavit and bond by reason of said alleged defect was properly overruled. Article 4076 of the Revised Statutes authorizes a garnishment to be issued (3) where the plaintiff has a valid subsisting judgment *and makes affidavit that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment.* (Italics ours.) The plaintiffs below in their affidavit having set forth in detail the judgment which they had, and having stated that said judgment was still in force and unsatisfied, is, we think, a sufficient allegation that said judgment was "valid and subsisting."

■ Appellant further contends that, since the original judgment was rendered against Arthur Kelsey, the writ of garnishment was not sufficient to impound funds belonging to him (C. A. Kelsey). Appellant, as a defendant in original suit, having replevied said fund, is now estopped from denying that he was not the defendant Arthur Kelsey, or that the funds did not belong to him. Davis v. McFall (Tex. Civ. App.) 168 S. W. 453 (error refused); Houseman v. Guaranty Securities Co. (Tex. Civ. App.) 293 S. W. 304. The judgment of the trial court states that it found that Arthur Kelsey and the appellant C. A. Kelsey were one and the same person.

We have carefully examined the entire record, and, finding no reversible error, the judgment of the trial court is affirmed.