## COPE v. OIL WELL SUPPLY CO.
### No. 7839.

Court of Civil Appeals of Texas. Austin.
Feb. 8, 1933.

Rehearing Denied March 1, 1933.

James Cornell and R. G. Hughes, both of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellee.

BLAIR, Justice.

This is an appeal from an order overruling appellant Cope's motion to quash a writ of garnishment, and arose out of the following facts and proceedings: Appellee recovered a joint and several judgment against appellant, C. M. Cope, and P. N. Arnold, and caused a writ of garnishment to issue thereon to "Central National Bank of San Angelo, Tom Green County, Texas, a corporation with W. C. Blanks its president, who resides in Tom Green County, Texas, upon whom service of process may be had," commanding the garnishee bank to answer "what, if anything, it is indebted to the said C. M. Cope and P. N. Arnold." The sheriff's return of the writ reads, in part: "Executed * * * by delivering to the within named Central National Bank by serving O. C. Cartwright, Cashier, a true copy of this writ." The garnishee bank answered under oath that it had been served with the writ of garnishment, and that it was indebted to C. M. Cope in the sum of $735.40. Cope moved to quash the writ upon three grounds, as follows:

(1) Because the officer's return of the writ showed upon its face that the service was insufficient to give the court jurisdiction, in that it failed to show that the officer executing the writ delivered a copy to the garnishee.

(2) Because the affidavit for the writ directed that it be served upon the president of garnishee, and service of the writ upon another officer of garnishee was ineffectual.

(3) Because the writ required garnishee to answer "what, if anything," it was indebted to C. M. Cope and P. N. Arnold," it did not authorize an answer showing that garnishee was indebted to C. M. Cope alone; but the garnishee should have shown what, if anything, it was indebted to C. M. Cope and P. N. Arnold jointly.

Appellee filed a motion to amend the sheriff's return; and, on the hearing of these motions, it was agreed that O. C. Cartwright was the cashier of the garnishee bank when the writ was served upon him. It was also shown by the testimony of the deputy sheriff that he served the writ by delivering a true copy to the garnishee by serving O. C. Cartwright as cashier of the garnishee bank with a true copy; and the court ordered that the officer's return on the writ be amended to read, in part: "Executed * * * by delivering to the within named Central National Bank of San Angelo, Texas, by delivering a true copy of this writ to O. C. Cartwright, its cashier, in person."

The contention of appellant that the officer's return of the writ of garnishment was insufficient to give the court jurisdiction is not sustained. In the first place, by filing his motion to quash the service of the writ, appellant made "the garnishee a party to the proceedings to the extent of invoking the power of the court to pass upon the sufficiency of the return." 20 Tex. Jur. § 73, p. 797. Up-

on appellant's motion being filed, appellee was then authorized to plead and prove facts establishing proper service of the writ, and to have the same amended under the order and direction of the court. This was done as shown by the above-stated facts. First Nat. Bank v. Guaranty Bond State Bank (Tex. Com. App.) 23 S.W.(2d) 312; Kelsey v. Lietz (Tex. Civ. App.) 38 S.W.(2d) 108; Hunsaker v. Abbott (Tex. Civ. App.) 289 S. W. 127; Rosenberg v. First Nat. Bank (Tex. Civ. App.) 27 S. W. 897; Continental State Bank v. Turner (Tex. Civ. App.) 3 S.W.(2d) 503, 506; article 2044, R. S. 1925. And, since the evidence detailed shows proper service of the writ, it will not be quashed because of the defective return of service which may have been shown upon the face of the original return. In the second place, the sufficiency of the return of a writ of garnishment becomes immaterial where the garnishee admits statutory service under oath, and particularly so where no rights of other creditors are involved. The record shows that O. C. Cartwright filed the answer of garnishee bank to the writ, stating that he was the cashier of the garnishee bank upon whom the writ had been served, and was authorized and empowered to make the oath, and that the matters and things set forth in the answer were true and correct. So, at the time the motion to quash was heard, there was before the court the answer of the garnishee that the writ had been served upon the garnishee, and the answer was signed and sworn to by O. C. Cartwright, cashier. In addition, it was shown by agreement that O. C. Cartwright was cashier of garnishee bank at the time the writ was delivered to him as cashier. Under this state of the record we think that no question could arise as to the sufficiency of the officer's return, since the garnishee's answer admits under oath statutory service, and the sufficiency of the officer's return becomes immaterial. Hillis v. Wolfe (Tex. Civ. App.) 284 S. W. 227.

Nor do we sustain appellant's second contention that, because the affidavit for the writ directed that it be served upon the president of garnishee, service upon any other officer of garnishee was ineffectual. The affidavit stating that service may be had upon W. C. Blanks as president was merely directory, and the officer was required to execute the writ as required by law. Article 4083, R. S. 1925, requires "that the sheriff or constable receiving the writ of garnishment shall immediately proceed to execute the same by delivering a copy thereof to garnishee, and shall make return thereof as of other citations." Article 2029, R. S. 1925, provides the manner of serving a citation upon a corporation, which is by service of the citation on the president, or upon the secretary, or upon the treasurer, or by service upon a local agent. The proof showed that O. C. Cartwright was

the local agent and cashier, and that service was duly had upon garnishee by delivering a true copy of the writ to O. C. Cartwright as its cashier. Such service was in accordance with the statute. Kelsey v. Lietz (Tex. Civ. App.) 38 S.W.(2d) 108.

Nor do we sustain appellant's third contention that the writ required garnishee to answer what, if anything, it was indebted to C. M. Cope and P. N. Arnold jointly. The affidavit for the writ showed that it was issued upon a joint and several judgment. The judgment likewise showed that it was joint and several. The writ was directed against the property of both Cope and Arnold, and authorized the impounding in the hands of garnishee the individual funds or property of either Cope or Arnold. Kleinsmith v. Kempner, 37 Tex. Civ. App. 246, 83 S. W. 409.

The order of the trial court refusing to quash the service of the writ of garnishment is affirmed.

Affirmed.