**BENNETT PRINTING CO. v. DINES BLDG. CO. et al.**

**No. 1471.**

Court of Civil Appeals of Texas. Eastland. May 24, 1935.

Rehearing Denied June 14, 1935.

Parker V. Lucas & Associates and Jno. A. Ford, all of Dallas, for appellant.

Young, Blakley, Cooper & Armstrong, Hoyt A. Armstrong, and D. H. Hardy, all of Dallas, for appellees.

FUNDERBURK, Justice.

Bennett Printing Company, having a judgment against M. M. Cherry and W. E. Mize for $365.69 and interest, instituted garnishment proceedings against Dines Building Company, a corporation. The answer of the garnishee duly filed disclosed that Cherry, in a suit prosecuted through all the courts, had recovered final judgment against it for the principal sum of $438.02; that said Cherry and W. B. Handley were "claiming some superior interest in the moneys," and had replevied the amount thereof, said M. M. Cherry being the principal and W. B. Handley and Roy H. Handley the sureties on the replevy bond. The answer prayed that said Cherry and Handley be made parties in order to protect the garnishee's interest, and that upon the trial it be discharged with its costs, including a reasonable attorney's fee.

Said Cherry and Handley, and also D. H. Hardy, intervened, each claiming that prior to the service of the writ of garnishment Cherry had assigned to Handley one-half of the amount recovered as damages (since it was over $700) in a certain suit brought by Cherry against Dines Building Company wherein he was represented by Handley and Hardy as his attorneys, and in which damages were recovered in the sum of $2,503.33; that one-half of the interest in such recovery assigned to Handley was by the latter assigned to Hardy; that by reason of the establishment of a cross-action by the defendant against Cherry, the amount of recovery awarded as damages to the plaintiff was by offset reduced to the sum of $438.02, which, by reason of the premises, belonged wholly to said attorneys, or to D. H. Hardy, and in which said Cherry had no interest.

In a nonjury trial the court adjudged that Bennett Printing Company take nothing by its suit, and awarded to D. H. Hardy recovery against the principal and sureties on the replevy bond, of the sum of $516.19 (being the said sum of $438.02 with interest), from which, however, was deducted $30 adjudged to the garnishee as attorney's fees. To this judgment Bennett Printing Company, W. B. Handley, and Roy H. Handley excepted and gave notice of appeal. Bennett Printing Company alone perfected appeal by giving bond, such appeal being against all other parties to the suit.

Appellant presents first an assignment of error as follows: "The court erred in holding that W. B. Handley's agreement with his client, M. M. Cherry, made orally, was a valid assignment, and not a mere agreement to pay out of a certain fund." It is contended: (a) That it was not a legal assignment because of non compliance with "statutes governing assignments and cause of action." (b) That there was "not an equitable assignment, as no notice was either alleged or proved as having been given to the debtor, the Dines Building Company." (c) That the alleged assignor did not "give up control of the thing alleged assigned, but after the institution of this suit M. M. Cherry, with the aid of W. B. Handley, the alleged assignee, replevied the fund in question, both thus represented to the court that M. M. Cherry and not W. B. Handley had the immediate right to the possession of the impounded fund."

It is immaterial that there may not have been such an assignment of the judgment as to vest in the assignee the legal title thereto. It is also immaterial that the garnishee may have had no notice of the assignment. A correct statement of the law, we think applicable to

the situation, is as follows: "An assignment of a debt or fund made for a valuable consideration secures it against attachment or garnishment for a debt of the assignor * * * even though the original debtor does not consent to the assignment nor receive notice of the transfer. The equitable title and beneficial interest pass by the assignment and the debtor owes the assignee and not the debtor of the garnishing creditor." 5 Tex. Jur. p. 39, § 31, and authorities cited. If there was evidence sufficient to support a finding that prior to the service of the writ of garnishment upon the garnishee there was a contract between Cherry and Handley by which the right to receive the amount of the judgment was in Handley or Hardy, either or both, instead of Cherry, then we think such finding, in effect the same as that made by the trial judge, would support the judgment of the court, at least in so far as it concerns the appellant. We think there was sufficient evidence to support such finding. The authorities relied upon to sustain the contention that formal assignments and notice of equitable assignments are required, deal with situations so different from that here presented that it seems to us unnecessary to discuss them further.

We are not sure we understand the point of the argument in the present connection that W. B. Handley was estopped to assert any interest in the judgment by reason of his having been surety on the replevy bond. This seems to be urged to show that there was no valid assignment, because in replevying the debt or fund evidenced by the judgment it was thereby made manifest that the right of control had not passed from the assignor to the assignee, same being an essential characteristic of an assignment. This view overlooks the point, we think, that it is not the fact of control, but the right of control which is material and the mere circumstance that the assignor may have in fact exercised control did not show conclusively, as a matter of law, the right of control.

The proposition does seem to have support in all the authorities dealing with the subject that when a defendant, the debtor of a garnishing creditor, replevies the debt or effects impounded by the garnishment, he and the sureties upon the replevy bond are estopped as a matter of law to assert that the debt is not due to such defendant, or that it is due to one of the sureties. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Davis v. McFall (Tex. Civ. App.) 168 S. W. 453; Houseman v. Guaranty Securities Co. (Tex. Civ. App.) 293 S. W. 304; Amarillo Nat. Bank v. Sanborn (Tex. Civ. App.) 169 S. W. 1075; Kelsey v. Lietz (Tex. Civ. App.) 38 S.W.(2d) 108; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 639; Osceola Merc. Co. v. Nabors (Tex. Civ. App.) 221 S. W. 991; Hillis v. Wolfe (Tex. Civ. App.) 284 S. W. 227; Texas Company v. Disney (Tex. Civ. App.) 279 S. W. 280. But for the fact that the Supreme Court has refused writs of error in some of these cases, we would not regard them as foreclosing the question. They are based upon the assumption that the giving of the replevy bond is an assertion that the debt is due to, or the effects owned by, the defendant. We are unable to see that this is necessarily true in the only sense in which the fact would be important, namely, that the debt is so due or the effects so owned by the defendant as to make them subject to the writ of garnishment. Take, for instance, a bank deposit in the name of the defendant. It is well settled that even though the relation of debtor and creditor as between the bank and defendant may exist, yet if the fund be a trust fund, or a special deposit already appropriated to some third party, it will not be impounded. Can it properly be said that by the defendant's giving a replevy bond he is thereby cut off from the only defense, perhaps, that actuates him in giving the bond and contesting the garnishment? Or suppose another case, that the defendant does have a deposit, and just before the levy of the writ he has given a check to a third party to bind an important and valuable contract in which the time of payment is of the essence. In such case he would have no adequate remedy available. The holder of the check may well be without sufficient interest to justify his proceeding under the statute for the trial of the right of property, and to hold that the defendant would be estopped if he replevied would be to deny him all relief. Not being able to make the payment, he would lose the advantages of a valuable contract. The statute in terms places no qualification on the right of the defendant to replevy. It expressly provides that he may interpose all defenses that the garnishee could assert. Of course, the

garnishee could assert that he was not indebted to the defendant. Undoubtedly the garnishee could urge that the deposit was owing to the holder of the check. This provision of the statute was not one giving any new right to the defendant, but, as we had occasion to consider and determine in First National Bank of Munday v. Guinn, 57 S.W.(2d) 880, its purpose was to make clear that the defendant waived no right to interpose any defense by reason of the replevy. It has been declared time and time again that not only the defendant can interpose any defense which the garnishee could, and even some, perhaps, which the garnishee could not, but "a *surety* on a replevy bond takes the place of a garnishee and can urge any defense that the garnishee could assert." (Italics ours.) New Amsterdam Cas. Co. v. Keith (Tex. Com. App.) 273 S. W. 836, 837; Kildare Lumber Co. v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64; Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558; The Leader, Inc. v. Elder Mfg. Co. (Tex. Com. App.) 39 S.W.(2d) 880.

Our purpose in discussing the question, while at the same time regarding it as foreclosed, is in justification of our view that it should not be unnecessarily extended. Conceding that in the instant case Handley and Cherry may be estopped to assert that the proceeds of the judgment did not belong to Cherry, or did belong to Handley, D. H. Hardy was under no such handicap. The right of D. H. Hardy was not merely to show that the fund belonged to himself, but as an incident of that right he could show that as against the appellant the fund did not belong to Cherry, or that it did belong to Handley, through whom he derived title. Having established that it did not belong to Cherry, that fact was determinative of the proposition that appellant had no further interest in the matter. It was no concern of appellant whether the fund belonged to Hardy or to Handley. The appellant is in no position to contend that it belonged to the one rather than to the other. As between the attorneys no issue is presented upon this appeal questioning the correctness of the judgment awarding the entire amount to Hardy. If the judgment was due to either Hardy or Handley, then appellant acquired no interest in it by the garnishment. It is our conclusion that there is no error in the judgment of the court, except that next to be noticed.

We see no reason why the $30 attorney's fee awarded to the garnishee should be paid out of the fund, which, the court held, had prior to the garnishment proceedings been assigned to Hardy. The judgment determined that the garnishor, having elected to litigate the question with Hardy, had failed in the suit. We think that under such circumstances Hardy was entitled to a recovery of all costs against the appellant, including as a part of such costs the reasonable attorney's fee awarded the garnishee. The correctness of which award is in no way attacked.

Being of the opinion that no error is shown except the one stated, and that the judgment should be reformed so as to award the entire impounded debt to Hardy and adjudge the attorney's fee against the appellant as a part of the costs, and as so reformed it be affirmed, it is accordingly so ordered.