## LIMPIA ROYALTIES et al. v. COWDEN et ux.

### No. 3362.

Court of Civil Appeals of Texas. El Paso.

April 30, 1936.

Rehearing Denied May 14, 1936.

W. C. Franklin, of Tulsa, Okl., Saner, Saner & Jack, of Dallas, and Frank Stubeman, of Midland, for appellants.

Samuels, Foster, Brown & McGee, of Fort Worth, and Whitaker & Perkins, of Midland, for appellees.

PELPHREY, Chief Justice.

On April 30, 1930, Edd Cowden and wife, Jett Cowden, executed a deed to the Limpia Royalties, a trust estate, in which they conveyed an undivided one-sixteenth interest in and to all of the oil, gas, and other minerals in 12,768 acres of land in Andrews county, Tex., 3,200 acres in Winkler county, and 3,434 acres situated in both Andrews and Winkler counties. On May 2 following they executed another deed to Limpia Royalties, conveying a one thirty-second interest in the minerals in 3,242 acres of land in Ector county, Tex.

On January 25, 1935, Cowden and wife filed this suit in Midland county, naming Limpia Royalties, W. E. Templeman, N. E. Templeman, Sam F. Means, and Cross Payton, individually and as trustees of Limpia Royalties, and Leroy R. Davis and Mary Dell Emerson, as defendants.

Appellees, after alleging the execution of the deeds aforesaid, alleged that the consideration therefor had been certain shareholder's certificates in the Limpia Royalties, and that they had been returned to said trust estate, and were at the time of the filing of suit in its possession; that they were induced to execute the deeds in question by fraudulent representations made to them by the trustees; that the contract between them and Limpia Royalties never at any time became binding or effective because the minds of the parties never met upon the subject-matter; and that the contract had been abandoned by appellants.

They then prayed for judgment canceling, annulling, and holding for naught the deeds, and that any and all right, title, and interest owned, claimed, held, or possessed by the Limpia Royalties or its trustees in the lands to be divested out of Limpia Royalties and vested in them.

Appellants W. E. and N. E. Templeman, individually and as trustees of Limpia Royalties, answered on February 22, 1935. Sam Means, the remaining trustee, filed his plea of privilege on June 4, 1935, praying that the cause be transferred to Andrews county, or in the alternative to Winkler county, or in the further alternative to Ector, or further in the alternative to El Paso county, where he resided. The

Templemans then joined in the plea to the venue, setting up similar allegations to those appearing in the plea of Means.

Appellees in due time filed their controverting affidavit in which they alleged that the venue was properly laid in Midland county, where the fraudulent representations were made, that the Templemans were nonresidents of the state, against whom appellees were entitled to maintain their suit in Midland county, and that Sam F. Means, being a necessary party, could also be sued there under subdivision 29a of article 1995 (Vernon's Ann. Civ.St.); that the Templemans had waived their right to be sued elsewhere by having answered in the cause.

Appellees then prayed that the pleas be overruled, and in the alternative, in the event the court should sustain any of the pleas of privilege, that the cause be transferred to Ector county, the county elected by them in which to prosecute the cause.

When the pleas of privilege came on for hearing, appellees dismissed as to Sam F. Means, individually, but continued the suit against him as trustee.

Upon hearing the plea of privilege was sustained and the cause ordered transferred to Ector county. Thereupon this appeal was perfected.

### Opinion.

Appellants' brief contains four propositions contesting the correctness of the court's action in transferring the cause to Ector rather than to Andrews or Winkler counties. They are: That, the suit being to recover an interest in lands in three counties, conveyed under separate deeds on different dates, and there being no allegation or proof made authorizing a joinder against the appellants' consent, the court was not authorized to transfer the cause to Ector county after appellants' plea of privilege asking a transfer to Andrews or Winkler county had been sustained; that appellees should not have been permitted to seek affirmative relief in their controverting affidavit; that the trial court erroneously permitted appellees to select the county to which the cause should be transferred; and that appellants were entitled to have the cause transferred to any county in which the venue would properly lie and which they might select.

■ After an exhaustive study of the several propositions presented by the parties, we have concluded that a discussion of all of them will not be necessary, and

that a decision may be based upon the point raised by appellees in their second proposition under their first and second cross-assignments of error. It reads: "Defendant, Limpia Royalties, a joint stock company or trust estate, and two out of three of their sole trustees, W. E. and N. E. Templeman, being also respectively president and secretary of the association, being in court for all purposes by their general appearances in the case, the bringing of Sam Means, the only other trustee, into the suit as a defendant strictly in his representative capacity did not give him the right to remove the case under plea of privilege, since he in his representative capacity had no right to defend independent of the association or trust estate for which he was acting."

It is undisputed that W. E. and N. E. Templeman and Sam F. Means are the sole trustees of the trust estate, and that W. E. Templeman is the president, and N. E. Templeman is the secretary, thereof.

Article 6133 provides that joint-stock companies, such as the Limpia Royalties, may be sued in their company names, and article 6134 names the president, secretary, treasurer, or general agent as the persons upon whom citation may be served. In the case at bar both W. E. and N. E. Templeman were served, which was, in our opinion, sufficient to bring the trust estate into court.

The fact that they were designated as trustees rather than as president and secretary would not affect the service. Ellis v. Lamb-McAshan Co. (Tex.Civ.App.) 278 S.W. 858, writ dismissed; Cope v. Oil Well Supply Co. (Tex.Civ.App.) 57 S.W.(2d) 917.

■ In making their appearances individually and on behalf of the Limpia Royalties, they waived for it and themselves the right to have the suit tried in the counties where the land was located. The service being complete as far as the company was concerned by the service upon its proper officers, Sam F. Means, a trustee, would have no right to insist upon the suit being transferred to another county.

■ Appellants' contention that the cross-assignments should not be considered because of the failure of the appellees to perfect an appeal is without merit.

Cross-assignments which affect the interest of the appellants or bear upon mat-

ters presented in the appeal will be considered without an independent appeal being perfected. 3 Tex.Jur. § 609, p. 873, and authorities cited.

The cross-assignments here certainly fall within that category.

Being of the opinion that the right to have the venue changed was waived by the general appearances entered by the Templemans as officers of the trust estate, the order sustaining the plea of privilege will be reversed, and judgment here rendered that the cause proceed to trial in Midland county.